# EXHIBIT A

**FILED**

NOV 3 0 2007
NOV 3 0 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MODULAR SPACE CORPORATION, | ) |
| Plaintiff, | ) 07CV 6742 |
| v. | ) JUDGE DARRAH |
| | ) MAGISTRATE JUDGE KEYS |
| INTELLI-SPACE MODULAR BUILDINGS, INC., | ) |
| Defendant. | ) |

## VERIFIED COMPLAINT FOR REPLEVIN AND OTHER RELIEF

Plaintiff Modular Space Corporation complains against Defendant Intelli-Space Modular Buildings, Inc., as follows:

### PREFATORY STATEMENT

1. Plaintiff leases modular floor units (which are used, for example, to provide temporary commercial, industrial or educational space) to its customers. Prior to 2005, some of Plaintiff's customers occasionally engaged Defendant to transport and assemble certain units that Plaintiff's customers leased from Plaintiff. In addition, Plaintiff and Defendant had an agreement for the storage of Plaintiff's units that were not under lease, at Defendant's yard. Plaintiff also leased certain units directly to Defendant.

2. Beginning in late 2004, Defendant began making demands that Plaintiff pay it commissions in connection with several leases that Plaintiff had entered into with its customers. Because Plaintiff and Defendant had never agreed to any such commissions, Plaintiff refused to pay them. In response, Defendant unilaterally sought to impose a ten-fold increase in the storage rate it charged Plaintiff for units that Defendant was storing for Plaintiff, in violation of their storage agreement. Plaintiff refused to pay this ransom, and requested immediate access to its

units so it could retrieve them. Defendant refused to allow Plaintiff access to the units, and said that Defendant would not release the units to Plaintiff unless Plaintiff first paid the bogus commissions and exorbitantly increased storage charges. In addition, Defendant instructed one of Plaintiff's customers to pay rent to Defendant that the customer owed to Plaintiff under a lease. Defendant also failed to pay Plaintiff rent and late charges for units that Defendant leased from Plaintiff.

3.      As a result of these acts, Defendant wrongfully retains possession of ten of Plaintiff's modular floor units, and has deprived Plaintiff of the use of these units, including rental income that they could have generated, for over two years. Defendant also has wrongfully retained the rent payments it obtained from Plaintiff's customer, which are rightfully due to Plaintiff. In addition, Defendant owes Plaintiff rent and late charges for the units it leased from Plaintiff.

4.      By this lawsuit, Plaintiff seeks to recover through replevin, possession of the modular floor units that are wrongfully being held by Defendant, or in the alternative, to recover the value of those units. In addition, Plaintiff seeks compensation for its loss of use of the units, including the lost rental income it could have received, and depreciation. Plaintiff also seeks to recover the rent payments from Plaintiff's customer that were wrongfully retained by Defendant, and rent payments for units that Defendant leased from Plaintiff. Because Defendant has willfully deprived Plaintiff of its property in wonton disregard of Plaintiff's property rights, Plaintiff seeks punitive damages. Finally, Plaintiff seeks a declaratory judgment that it is not obligated to pay the commissions or storage charges that Defendant demands.

## THE PARTIES, JURISDICTION AND VENUE

5.  Plaintiff is a Delaware corporation with its principal place of business in Wayne, Pennsylvania. On March 29, 2007, Plaintiff changed its name from Resun Leasing, Inc. to Modular Space Corporation.

6.  Defendant is an Illinois corporation with its principal place of business located at 1540 State Route 31, Oswego, Kendall County, Illinois. Defendant operates a storage yard located at 150 Light Road, Oswego, Illinois 60543, where it stores modular floor units. In addition, Defendant offers services relating to the delivery, removal, assembly and disassembly of modular floor units.

7.  Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332. The parties are citizens of different states and the amount in controversy exceeds $75,000.

8.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the Defendant resides in this judicial district, a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this judicial district, and the property that is the subject of this action is situated in this judicial district.

## BACKGROUND

A.  <u>Defendant's Improper Rent Charges.</u>

9.  Title to the modular floor units that Plaintiff uses in its business are held by its affiliate, Resun Chippewa, Inc., and the units are leased to Plaintiff.

10.  Beginning no later than September 2004, Plaintiff and Defendant entered into and operated under an agreement for Defendant to store Plaintiff's modular floor units that were not under lease in Defendant's yard. Under this agreement, Plaintiff paid Defendant a monthly storage rate of $40 per modular floor unit.

3

11.   Through June 2005, Defendant invoiced Plaintiff for storage based upon this $40 per unit per month rate, and Plaintiff timely paid the invoiced amounts.

12.   Beginning in July 2005, Defendant began invoicing Plaintiff for storage at a monthly rate of $400 per unit. Plaintiff never agreed to this increased storage rate, and refused to pay for storage at this rate.

13.   Defendant continues to demand payment at this storage rate from Plaintiff for the period from July 2005 to the present. For July 2005, Defendant demands payment at this rate for twelve units (totaling $4,800). From August 2005 to the present, Defendant demands payment at this rate for eight units (totaling $3,200 per month). In total, Defendant demands over $90,000 in rent payments at this $400 per unit monthly rate.

B.   <u>Defendant Wrongfully Procured Rent Due To Plaintiff.</u>

14.   On February 1, 2005, Plaintiff entered into an Operating Lease Agreement with East Lake Management ("East Lake"), under which Plaintiff agreed to lease certain modular floor units to East Lake for rent totaling $1,500 per month.

15.   East Lake hired Defendant to deliver the modular floor units that were the subject of its Operating Lease Agreement with Plaintiff. Defendant charged East Lake nearly $10,000 for delivery, and also collected from East Lake a $1,500 deposit, $4,000 for future disassembly of the units and $1,125 for future return freight.

16.   In addition to these amounts, Defendant instructed East Lake to pay its monthly rent to Defendant, not Plaintiff.

17.   Defendant wrongfully received two rent payments from East Lake totaling $3,000. These payments were rightfully due to Plaintiff as rent payments under its Operating Lease Agreement with East Lake.

4

18. Defendant has wrongfully refused to relinquish these rent payments to Plaintiff.

C. <u>Defendant's Baseless Demand For Commissions.</u>

19. In addition to East Lake, Plaintiff entered into an Operating Lease Agreement with Gladstone Builders & Development ("Gladstone") on November 10, 2004, under which Plaintiff agreed to rent certain modular floor units to Gladstone.

20. Defendant was not a party to the leases that Plaintiff entered into with East Lake or Gladstone.

21. Plaintiff and Defendant had no agreement for Defendant to receive any commissions or other payments relating to Plaintiff's leases with East Lake or Gladstone.

22. In December 2004, Defendant demanded that Plaintiff pay it a commission in connection with Plaintiff's lease with Gladstone by issuing an invoice to Plaintiff seeking payment of $7,200.

23. In April 2005, Defendant demanded that Plaintiff pay it a commission in connection with Plaintiff's lease with East Lake by issuing an invoice to Plaintiff seeking payment of $3,600.

24. Plaintiff has refused to pay Defendant any of these purported commissions. Defendant's demands for these commissions are invalid because Plaintiff does not owe Defendant these commissions.

25. On information and belief, Defendant unilaterally sought to increase Plaintiff's storage charges from $40 per modular floor unit per month, to $400 – in violation of the parties' prior agreement – in retaliation for Plaintiff's refusal to pay the bogus commissions that Defendant demanded.

26. On information and belief, Defendant wrongfully obtained the two rent payments due from East Lake to Plaintiff, and refused to relinquish them to Plaintiff, in retaliation for Plaintiff's refusal to pay the bogus commissions that Defendant demanded.

D. <u>Defendant Has Failed To Pay Plaintiff Rent.</u>

27. Plaintiff entered into an Operating Lease Agreement with Defendant in October 2003 to lease two modular floor units for $900 per month.

28. Following the twelve month term of this Operating Lease Agreement, Defendant continued to lease these units on a holdover basis, but failed to make required rent and late charge payments.

E. <u>Defendant Wrongfully Retains Possession Of Plaintiff's Property.</u>

29. Ten of Plaintiff's modular floor units are currently in Defendant's possession and control, and are located at Defendant's storage yard.

30. Defendant has refused to allow Plaintiff to remove these units.

31. Defendant has instructed local shipping vendors not to remove Plaintiff's modular floor units located in Defendant's yard, and Defendant has placed a lock on the gate of the yard to prevent access to Plaintiff's units.

32. Plaintiff has demanded that Defendant provide it with access to retrieve the modular floor units in Defendant's possession, but Defendant has denied Plaintiff access to retrieve them.

COUNT I - REPLEVIN

33. Plaintiff incorporates by reference paragraphs 1-32 above, as though set forth in full and alleged as this paragraph 33.

34. Plaintiff is lawfully entitled to possession of the following described property:

Ten modular floor units bearing the following identification:

| CLASS TYPE | SIZE | MANUFACTURER | SERIAL NO./MAKE |
|---|---|---|---|
| CLASSROOM - DOUBLE | 12' x 40' | Manufactured Structures Corp. | 6059-1-F-2444 |
| CLASSROOM – DOUBLE | 12' x 40' | Manufactured Structures Corp. | 6059-2-F-2444 |
| CLASSROOM – DOUBLE | 12' x 44' | Manufactured Structures Corp. | 6071/1-F-2444 |
| CLASSROOM - DOUBLE | 12' x 44' | Manufactured Structures Corp. | 6071-2-F-2444 |
| CLASSROOM – DOUBLE | 12' x 38' | Modular Buildings, Inc. | 222/Whitley |
| CLASSROOM – DOUBLE | 12' x 38' | Modular Buildings, Inc. | 223/Whitley |
| CLASSROOM – DOUBLE | 12' x 38' | Modular Buildings, Inc. | 224/Whitley |
| CLASSROOM – DOUBLE | 12' x 38' | Modular Buildings, Inc. | 225/Whitley |
| CLASSROOM – DOUBLE | 12' x 38' | Modular Buildings, Inc. | 228/Whitley |
| CLASSROOM – DOUBLE | 12' x 38' | Modular Buildings, Inc. | 229/Whitley |

35.  This property is wrongfully detained by Defendant, and on information and belief, is located at Defendant's yard at 150 Light Road, Oswego, Illinois 60543.

36.  The value of this property at the time it was wrongfully detained was $164,205.83.

37.  This property has not been taken for any tax, assessment or fine levied by virtue of any law of this State, against the property of Plaintiff, or against Plaintiff as an entity, nor seized under any lawful process against the goods and chattels of Plaintiff subject to such lawful process, nor held by virtue of any order for replevin against Plaintiff.

38.  Plaintiff has requested access to retrieve this property, but has been denied access to retrieve this property by Defendant.

39.  Defendant wrongfully holds and detains this property against the interests of Plaintiff.

## COUNT II - CONVERSION

40. Plaintiff incorporates by reference paragraphs 1-39 above, as though set forth in full and alleged as this paragraph 40.

41. From July 2005 to the present, Plaintiff has been denied the fair market rental value for the ten modular floor units that Defendant has wrongfully detained, and the units have depreciated in value.

42. At all times relevant herein, Plaintiff had rights of immediate possession in the property.

43. By refusing to allow Plaintiff access to this property to retrieve it, Defendant wrongfully, and without any legal authority, assumed control, dominion or rights of ownership over said property.

44. Defendant wrongfully and without any legal authority assumed control, dominion, or rights of ownership over this property with willful and wanton indifference to the rights of Plaintiff.

45. At all times relevant herein, Plaintiff had rights of immediate possession, in the two monthly rent payments that Defendant wrongfully obtained from East Lake totaling $3,000.00.

46. By obtaining the $3,000.00 in rent payments due from East Lake to Plaintiff, Defendant wrongfully, and without any legal authority, assumed control, dominion, or rights of ownership over said rent payments.

47. Defendant wrongfully and without any legal authority assumed control, dominion, or rights of ownership over the rent payments with willful and wanton indifference to the rights of Plaintiff.

8

## COUNT III – BREACH OF LEASE

48. Plaintiff incorporates by reference paragraphs 1-47 above, as though set forth in full and alleged as this paragraph 48.

49. Plaintiff has failed and refused to pay Defendant rent for July and August 2004, and December 2004 through June 2005, for the two modular floor units that Defendant leased from Plaintiff.

50. In addition, Plaintiff has failed and refused to pay Plaintiff late charges resulting from Defendant's failure to pay rent for these months.

51. Plaintiff owes Defendant over $10,500 in rent and late charges for these units.

## COUNT IV – DECLARATORY JUDGMENT

52. Plaintiff incorporates by reference paragraphs 1-51 above, as though set forth in full and alleged as this paragraph 52.

53. Defendant demands payment from Plaintiff for purported commissions relating to Plaintiff's Operating Lease Agreements with East Lake and Gladstone. Plaintiff refuses to pay these commissions because it never entered into an agreement with Defendant for the payment of such commissions, and such commissions are not therefore due and owing.

54. Defendant demands payment from Plaintiff for the storage of certain modular floor units from July 2005 to the present at a monthly rate of $400 per unit. Plaintiff refuses to pay these charges because Defendant has wrongfully converted Plaintiff's modular floor units and denied Plaintiff possession of them. Further, it is Plaintiff's position that if it owes any amounts for storage (which Plaintiff disputes), the rate is $40 per unit per month, not $400.

55. An actual controversy exists between the parties as to whether Plaintiff has any obligation to pay the commissions or storage charges that Defendant demands.

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendant as follows:

(a) For issuance for an Order for Replevin granting possession of the ten modular floor units described herein to Plaintiff, and directing the Kendall County Sheriff, Federal Marshall or such other officer to whom the Order is directed, to use all necessary force to repossess this property or any part thereof;

(b) For the value of any portion of the property not delivered;

(c) For damages for the detention of the property;

(d) For the rental payments due from East Lake to Plaintiff that Defendant wrongfully obtained;

(e) For declaratory judgment that Plaintiff does not owe Defendant the commissions or storage charges that Defendant demands;

(f) For rent and late charges due from Plaintiff to Defendant for the two modular floor units that Plaintiff leased to Defendant, and grant such other relief as the Court deems appropriate;

(g) For an accounting;

(h) For punitive damages;

(i) For attorneys' fees and costs; and

(j) For such other relief as the Court deems appropriate.

MODULAR SPACE CORPORATION

By: _____
Attorney for Plaintiff

Stephen R. Meinertzhagen
Susan J. Miller
Attorneys for Plaintiff
Burke, Warren MacKay & Seritella, P.C.
330 North Wabash Avenue, 22nd Floor
Chicago, Illinois 60611
(312) 840-7000 - (312) 840-7900 (FAX)
Attorney No. 41704
440698/2

## VERIFICATION

I verify under penalty of perjury under the laws of the United States of America that the factual allegations of the foregoing Verified Complaint for Replevin and Other Relief are true and correct based upon either my review of Modular Space Corporation's business records, about which I am competent to testify, or my personal knowledge.

Dated: 11/30/07

MODULAR SPACE CORPORATION

By: *[signature]*
Dave Elvir
Its: Custom Sales Representative/Formerly Division Operations Manager