IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MODULAR SPACE CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 07 CV 6742 |
| | ) |
| INTELLI-SPACE MODULAR BUILDINGS, INC., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S VERIFIED ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT FOR REPLEVIN AND OTHER RELIEF**

Intelli-Space Modular Buildings, Inc. ("Defendant"), by and through its attorneys, Weltman, Weinberg & Reis Co., L.P.A., answers the complaint of Modular Space Corporation ("Plaintiff") as follows:

1. Defendant admits the allegations contained in paragraph one (1) of the complaint. For approximately eight (8) years, Defendant has served as the sole Chicago liaison and broker for Plaintiff. Defendant's duties included procuring storage space, marketing, sales, scheduling, storing, transporting, maintenance, and other activities as needed to service modular customers in the Chicago area. After Plaintiff opened a location in Chicago, Defendant sold, marketed, and continued to serve as a partner sales force in the area. Defendant assisted Plaintiff's employees with respect to specifications, engineering, and customer services for Plaintiff's customers and supplied Plaintiff's equipment to Defendant's customers. Defendant supplied some twenty-two (22) new customers, new buildings, and new leases for Plaintiff. Plaintiff paid commission for existing buildings that Defendant leased for Plaintiff. Defendant has invoiced Plaintiff and Plaintiff has paid Defendant for invoices for service work (more than thirty (30)

service orders) supplied to Defendant's customers and Plaintiff's customers for Plaintiff's equipment. Plaintiff and Defendant have had a long symbiotic association until Plaintiff's company was transferred to Bank of America and then to Modular Space a/k/a Mod Space, a unit of GE Capital.

2. Defendant denies the allegations contained in paragraph two (2) of the complaint. Defendant invoiced Plaintiff for commissions in connection with Defendant bringing lease deals to Plaintiff. These are Defendant's customers. Plaintiff had no knowledge of nor interaction with these customers prior to Defendant first bringing them to Plaintiff. Because Plaintiff had paid Defendant commissions in prior dealings, Defendant had justifiably presumed that commissions would be paid as per the parties' customary agreement. Plaintiff was notified by Defendant via mail in an invoice beginning June 2005 that Plaintiff's rent was increased and Plaintiff had adequate time to make final payment and retrieve the detained equipment since then. As with previous deals, when the final customer had not approved Plaintiff as a vendor, Defendant invoiced and would collect rent payments and then forward to Plaintiff to credit customer's account. When Plaintiff refused to pay Defendant the commission owed, then Defendant retained such payments until the commissions were paid. These monies were held to off-set the unpaid commissions due Defendant from Plaintiff. When Plaintiff refused to pay commissions due Defendant, then Defendant ceased paying rent due Plaintiff to off-set the unpaid commissions owed Defendant from Plaintiff.

3. Defendant denies the allegations of wrongful retention contained in paragraph three (3) of the complaint. Plaintiff has refused to pay storage rental and therefore was denied access to the subject equipment. Defendant held monies owed

Plaintiff until Plaintiff had paid the commissions owed and the storage yard rental due Plaintiff.

4. Again, Defendant denies any allegation of wrongful retention. Plaintiff could have retrieved their equipment any time during the past two and a half years by making their storage rent payments and paying Defendant the commissions owed. Plaintiff owns many thousands of similar units and would have satisfied any request for such equipment, exclusive of the equipment detained by Defendant. Plaintiff and Defendant have a long business association where Defendant brokered Plaintiff's equipment and was paid a commission. Defendant and Plaintiff have had a similar association where Defendant stored equipment for Plaintiff and Plaintiff paid for storage. These agreements were ignored by Plaintiff when Plaintiff's company was transferred to Bank of America and then to GE Capital-Modular Space / Mod Space. Defendant lacks knowledge with respect to the claim of depreciation, and demands strict proof thereof.

5. Resun Corporation was consigned to Bank of America. Bank of America then passed ownership to GE Capital / Modular Space or Mod Space.

6. Defendant admits the allegations contained in paragraph six (6) of the complaint.

7. Defendant admits the allegations contained in paragraph seven (7) of the complaint.

8. Defendant admits the allegations contained in paragraph eight (8) of the complaint.

9. Defendant lacks sufficient knowledge to either admit or deny the allegations contained in paragraph nine (9) of the complaint, and demands strict proof thereof.

10. Defendant and Plaintiff entered into a verbal, open-ended agreement with no specific terms or conditions other than the equipment may be stored in Defendant's yard at the rate of $40.00 per month per unit. Plaintiff stored various amounts of equipment in Defendant's yard at different times.

11. Defendant admits the allegations contained in paragraph eleven (11) of the complaint.

12. Defendant admits the allegations contained in paragraph (12) of the complaint. Plaintiff's representative Lisa Barns of Bank of America was notified of the rent changes at that time. Rent was raised to off-set the unpaid commissions owed to Defendant. At that time, Plaintiff was allowed to recover some of their equipment even though there was a dispute. Defendant acted in good faith to settle this matter at that time and since that time as can be demonstrated from e-mail, faxes, and phone calls.

13. Defendant admits to raising the rental rate for equipment stored by Plaintiff.

14. Defendant brought their customer, East Lake Management, to Plaintiff to enter into an Operating Lease Agreement on a commission basis as had been a customary arrangement between Defendant and Plaintiff. Prior to this date, Plaintiff has never had any transactions with or knowledge of East Lake Management. The entire relationship between Plaintiff and East Lake Management is directly attributed to Defendant first bringing East Lake Management to Plaintiff.

15. Defendant admits to charging East Lake Management its customary fees for services rendered. Plaintiff's only involvement with East Lake Management is to hold the lease for equipment. There was a separate agreement with East Lake Management and Defendant to provide transport and set-up and future tear-down of the equipment. Defendant collected rent on behalf of Plaintiff, until Plaintiff was approved as a vendor for East Lake Management. Then Defendant would forward such rent payments to Plaintiff and Plaintiff would credit customer's account. As with prior deals, this was a customary practice in such events.

16. Defendant admits to collecting rent from East Lake Management on behalf of Plaintiff. Defendant was asked by East Lake Management to invoice the rent for Plaintiff until Plaintiff was approved as a vendor. East Lake paid Defendant for two (2) months rental payments. After Plaintiff was approved as a vendor for East Lake, all remaining payments from East Lake were paid directly to Plaintiff. As with past practices, Defendant was to forward all such collected rent payments to Plaintiff.

17. Defendant denies the allegation contained in paragraph 17 of the complaint. Defendant was to forward the collected rent payments to Plaintiff until Plaintiff refused to pay Defendant for commissions owed. Defendant held rent payments due Plaintiff until such time as Plaintiff has paid commissions due Defendant.

18. Defendant denies allegation contained in paragraph eighteen (18) of the complaint.

19. Defendant brought their customer, Gladstone Builders & Development, to Plaintiff to enter into an Operating Lease Agreement for Plaintiff's equipment.

20. Defendant admits that it was not a named party on the subject leases. However, Defendant was directly involved in every aspect of these transactions from start to finish on behalf of Plaintiff. From site visits, design, specifications, scheduling, delivery, set-up, etc. Plaintiff's only involvement was to provide a lease agreement. Defendant provided all other activities associated with these transactions. Without Defendant first brining these customers to Plaintiff, there would never have been any of the leases.

21. Defendant denies the allegation contained in paragraph twenty-one (21) of the complaint. Plaintiff and Defendant have had a long-term relationship whereby Defendant would find projects and customers for Plaintiff. Defendant retains over 1,000 pages of documents pertaining to their association of Defendant working all the deals to move Plaintiff's equipment in this area. Many of the deals were with new equipment that Defendant designed, specified, and built for a lease through Plaintiff. Other deals were with existing, used equipment owned by Plaintiff and Defendant was paid a commission to move that equipment. This impasse only occurred when Plaintiff was taken over by Bank of America and GE Capital / Modular Space, Mod Space. The new owners did not honor the prior owner's agreements.

22. Defendant admits the allegations contained in paragraph 22 of the complaint.

23. Defendant admits the allegations contained in paragraph 23 of the complaint. In addition, in June of 2005, Defendant demanded that Plaintiff pay it a commission in connection with Plaintiff's lease with Diversified Real Estate, by issuing

an invoice to Plaintiff seeking payment of $1,428.00. There is a total of three (3) outstanding commission invoices due Defendant from Plaintiff.

24. Defendant admits that Plaintiff has refused to pay these commissions, but denies that Defendant's demands are invalid and that Plaintiff does not owe the commissions. Plaintiff owes Defendant commission for three (3) invoices (East Lake, Gladstone, and Diversified) totaling $12,228.00.

25. Defendant denies the allegations contained in paragraph twenty-five (25) of the complaint. Defendant increased rent to off-set unpaid commissions owed to Defendant. Plaintiff denied paying commissions in violation of prior agreements with Defendant.

26. Defendant denies the allegations contained in paragraph twenty-six (26) of the complaint.

27. Defendant admits the allegations contained in paragraph 27 of the complaint.

28. Defendant admits the allegations contained in paragraph 28 of the complaint. Monies were held to off-set commissions owed as stated above.

29. Defendant admits the allegation contained in paragraph twenty-nine (29) of the complaint.

30. Defendant admits the allegations contained in paragraph 30 of the complaint. Defendant had allowed Plaintiff to remove units at various times when Plaintiff was current in payments. Additionally, Defendant allowed Plaintiff to remove some equipment during the time of this dispute. After it became clear from Lisa Barns of

Case 1:07-cv-06742    Document 17    Filed 03/05/2008    Page 8 of 14

Bank of America in June 2005 that Plaintiff had no intention of paying the commissions and yard rental due, Defendant denied access to Plaintiff's equipment.

31.     Defendant admits the allegations contained in paragraph 31 of the complaint. Defendant operates a secure yard which is always locked. Defendant informed its associated vendors of the dispute. The local vendors agreed to honor Defendant's request to not remove the equipment until the matter was resolved.

32.     Defendant admits the allegations contained in paragraph 32 of the complaint. Defendant has attempted in earnest to resolve these matter and relinquish the equipment, through numerous phone calls, facsimiles, and e-mails, to no avail. All efforts at resolution on the Defendant's part were ignored or dismissed until this lawsuit was filed and Defendant was notified.

33.     No response required.

34.     Defendant denies the allegations contained in paragraph 34 of the complaint. Plaintiff has effectively abandoned their equipment on Defendant's controlled property.

35.     Defendant denies the allegations contained in paragraph 35 of the complaint. Equipment may be retrieved at any time by Plaintiff, when Plaintiff's account with Defendant is current. When all storage fees and commissions are paid.

36.     Defendant has insufficient knowledge to either admit or deny the allegation contained in paragraph thirty-six (36) of the complaint, and demands strict proof thereof.

37.     Defendant admits the allegations contained in paragraph 37 of the complaint.

38. Defendant admits the allegations contained in paragraph 38 of the complaint.

39. Defendant denies the allegations contained in paragraph 39 of the complaint.

40. No response required.

41. Defendant admits that it has retained the subject units, but denies that they have been retained wrongfully. Defendant lacks knowledge as to whether the subject units have depreciated in value, and demands strict proof thereof.

42. Defendant denies the allegations contained in paragraph 42 of the complaint.

43. Defendant denies the allegations contained in paragraph 43 of the complaint.

44. Defendant denies the allegations contained in paragraph 44 of the complaint. Defendant has never asserted a claim of ownership of the equipment. Defendant's only interest is to recover all rent payments due and to recover all commissions due Defendant from Plaintiff.

45. Defendant denies the allegations contained in paragraph 45 of the complaint. These payments were held and applied to Plaintiff's outstanding and unpaid invoices for commissions owed and yard rental payments owed to Defendant.

46. Defendant denies the allegations contained in paragraph 46 of the complaint. These payments were held and applied to Plaintiff's outstanding and unpaid invoices for commissions owed and yard rental payments owed to Defendant.

47. Defendant denies the allegations contained in paragraph 47 of the complaint.

48. No response required.

49. Defendant admits the allegations contained in paragraph 49 of the complaint.

50. Defendant admits the allegations contained in paragraph 50 of the complaint.

51. Defendant denies the allegations contained in paragraph 51 of the complaint. Defendant owes a total of $8,100.00 without late charges. July and August 2004 – 2 months; December 2004 through June 2005 – 7 months. A total of 9 months at $900 a month = $8,100.00.

52. No response needed.

53. Defendant admits the allegations contained in paragraph 53 of the complaint. These commissions are due and owing to Defendant. In addition, in June of 2005, Defendant demanded that Plaintiff pay it a commission in connection with Plaintiff's lease with Diversified Real Estate, by issuing an invoice to Plaintiff seeking payment of $1,428.00. There is a total of three (3) outstanding commission invoices due Defendant from Plaintiff.

54. Defendant admits the allegations contained in paragraph 54 of the complaint.

55. Defendant admits the allegations contained in paragraph 55 of the complaint. Defendant has not paid storage fees due from Plaintiff for the (10) modular units stored in Defendant's yard since June, 2005. At the original rate of $40.00 per unit,

per month, for the 32 months in arrears. This totals an amount of $12,800.00 without late charges, i.e., 10 units x $40.00 each = $400.00/mo. x 32 months = $12,800.00.

### AFFIRMATIVE DEFENSES

1. Defendant realleges the allegations contained hereinabove as part of each of its affirmative defenses, as though fully set forth herein.

2. With respect to Count II of the complaint, Plaintiff has failed to state a claim upon which relief can be granted.

3. Plaintiff has failed to mitigate its alleged damages.

4. Plaintiff's claims are barred by operation of laches.

5. Plaintiff's claims are barred by the doctrine of unclean hands.

6. Plaintiff's claims are barred by the doctrine of estoppel.

### COUNTERCLAIM

1. Defendant realleges the allegations contained hereinabove as paragraph one (1) of its Counterclaim as though fully set forth herein.

2. Defendant dealt with Patrick Johnson in Resun's Aurora office with respect to the last three (3) deals. These leases were Gladstone Builders (Lease # 4520075), East Lake Management (Lease # 4520952), and Developers Design Group (Lease # 4523526).

3. Ricky Matlock from Defendant explained to Mr. Johnson what the previous arrangements had been and went on to do these deals. While there was no written agreement concerning these (3) commissions in question, Defendant operated these deals in like and similar manner as had been with previous deals for several years.

During this period, Defendant was notified that Bank of America had taken control of Plaintiff and that no such commission arrangement now existed between Plaintiff and Defendant. Lisa Barns at Bank of America notified Defendant that Plaintiff would not honor the previous agreements. At no time before these (3) deals did Plaintiff ever disclose to Defendant the sale of their business Resun, nor was Defendant notified of a change in terms of Defendant's and Plaintiff's business association.

4. Defendant is owed a total of $12,228.00 for commissions on the subject three (3) invoices. Plaintiff is liable for this amount.

5. Furthermore, Defendant has not paid storage fees due from Plaintiff on the ten (10) modular units stored in Defendant's yard since June of 2005. At the original rate of $40.00 per unit, per month, for the thirty-two (32) months in arrears, there is a total of $12,800 due and owing for rent, i.e., 10 units x $40.00 each = $400.00/mo. x 32 months = $12,800.00.

WHERFORE, Defendant Intelli-Space Modular Buildings, Inc. respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff Modular Space Corporation in the amount of $25,028.00, plus costs.

Respectfully submitted.

INTELLI-SPACE MODULAR BUILDINGS, INC.

By: _____
One of its Attorneys

Robert T. Kuehl
Weltman, Weinberg & Reis Co., L.P.A.
180 N. LaSalle St., Ste. 2400
Chicago, Illinois 60601
Telephone: 312-782-9676
Facsimile: 312-782-4201
ARDC#: 6271281

## VERIFICATION

I verify under penalty of perjury that the factual allegations contained in the foregoing pleading are true and correct.

By: _____ 3-5-08
Ricky Matlock, President of
Intelli-Space Modular Buildings, Inc.