IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MODULAR SPACE CORPORATION ) | |
| ) | |
| Plaintiff ) | |
| ) | No.   07-cv-06742 |
| v. ) | |
| ) | Judge John W. Darrah |
| INTELLI-SPACE MODULAR ) | |
| BUILDINGS, INC., ) | Magistrate Judge Keys |
| ) | |
| Defendant. ) | |

PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES
TO DEFENDANT'S COUNTERCLAIM

Plaintiff, Modular Space Corporation, ("Modular Space"), by and through its attorneys, for its Answer and Affirmative Defenses to Defendant's Counterclaim, states as follows:

1.   Defendant realleges the allegations contained hereinabove as paragraph one (1) of its Counterclaim as though fully set forth herein.

ANSWER:   Modular Space is unaware of any "allegations contained hereinabove," however, to the extent there are any such allegations, Modular Space denies them.

2.   Defendant dealt with Patrick Johnson in Resun's Aurora office with respect to the last three (3) deals. These leases were Gladstone Builders (Lease # 4520075), East Lake Management (Lease #4520952), and Developers Design Group (Lease # 4523526).

ANSWER:   Modular Space is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

3.   Rick Matlock from Defendant explained to Mr. Johnson what the previous arrangements had been and went on to do these deals. While there was no written agreement concerning these (3) commissions in question, Defendant operated these deals in like and similar manner as had been with previous deals for several years. During this period, Defendant was notified that Bank of America had taken control of Plaintiff and that no such commission arrangement now existed between Plaintiff and Defendant. Lisa Barns at Bank of America

notified Defendant that Plaintiff would not honor the previous agreements. At no time before these (3) deals did Plaintiff ever disclose to Defendant the sale of their (sic) business Resun, nor was Defendant notified of a change in terms of Defendant's and Plaintiff's business association.

ANSWER: With respect to the first sentence of paragraph 3, Modular Space is without knowledge or information sufficient to form a belief as to the truth of the allegation that "Rick Matlock from Defendant explained to Mr. Johnson what the previous arrangements had been." Modular Space denies the remaining allegations contained therein. With respect to the second sentence in paragraph 3, Modular Space admits that there was no written agreement and denies that there was any agreement "concerning these (3) commissions." Modular Space denies the remaining allegations contained therein. With respect to the third sentence of paragraph 3, Modular Space denies the allegation that "Bank of America had taken control of Plaintiff," and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein. With respect to the fourth sentence of paragraph 3, Modular Space denies the allegations contained therein. With respect to the fifth sentence of paragraph 3, Modular Space is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, as the allegations do not make sense, because, (as alleged in paragraph 5 of Modular Space's Verified Complaint for Replevin and Other Relief), on March 29, 2007, Plaintiff merely changed its name from Resun Leasing, Inc. to Modular Space Corporation.

4. Defendant is owed a total of $12,228.00 for commissions on the subject three (3) invoices. Plaintiff is liable for this amount.

ANSWER: Modular Space denies the allegations contained in paragraph 4.

5. Furthermore, Defendant has not paid storage fees due from Plaintiff on the ten (10) modular units stored in Defendant's yard since June of 2005. At the original rate of $40.00

per unit, per month, for the thirty-two (32) months in arrears, there is a total of $12,800 due and owing for rent, i.e., 10 units x $40.00 each = $400.00//mo. x 32 months = $12,800.00.

ANSWER:   Modular Space denies the allegations contained in paragraph 5.

## AFFIRMATIVE DEFENSES

1. Defendant's counterclaim fails to state a cause of action for violation of any common law principal or statute upon which relief can be granted.

2. Defendant's counterclaim fails, in whole or in part, because any alleged oral contract entered into by the parties is barred by the Statute of Frauds.

3. Defendant's counterclaim is barred, in whole or in part, by the doctrines of unclean hands, waiver, and estoppel.

4. Defendant's counterclaim is barred, in whole or in part, by its failure to mitigate any alleged damages.

Dated: March 27, 2008                MODULAR SPACE CORPORATION

                                     By:   /s/ Susan J. Miller
                                           One of its attorneys

Stephen R. Meinertzhagen, smeinertzhagen@burkelaw.com
Susan J. Miller, smiller@burkelaw.com
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash Ave., 22nd Floor
Chicago, IL  60611
312-840-7000
Fax 312-840-7900
464811/1