WWR# 06500695

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MODULAR SPACE CORPORATION, | ) ) ) ) |
| Plaintiff, | ) ) ) Case No.: 07 CV 6742 |
| v. | ) ) |
| INTELLI-SPACE MODULAR BUILDINGS, INC., | ) ) ) ) |
| Defendant. | ) |

**DEFENDANT'S VERIFIED AMENDED ANSWER TO PLAINTIFF'S AMENDED VERIFIED COMPLAINT FOR REPLEVIN AND OTHER RELIEF**

Intelli-Space Modular Buildings, Inc. ("Defendant"), by and through its attorneys, Weltman, Weinberg & Reis Co., L.P.A., answers the amended complaint of Modular Space Corporation ("Plaintiff") as follows:

1. Plaintiff leases modular floor units (which are used, for example, to provide temporary commercial, industrial or educational space) to its customers. Prior to 2005, some of Plaintiff's customers occasionally engaged Defendant to transport and assemble certain units that Plaintiff's customers leased from Plaintiff. In addition, Plaintiff and Defendant had an agreement for the storage of Plaintiff's units that were not under lease, at Defendant's yard. Plaintiff also leased certain units directly to Defendant. **Defendant admits each of the allegations contained in this paragraph.**

2. Beginning in late 2004, Defendant began making demands that Plaintiff pay it commissions in connection with several leases that Plaintiff had entered into with its customers. **Deny.** Because Plaintiff and Defendant had never agreed to any such commissions, Plaintiff refused to pay them. **Defendant admits that Plaintiff refused to pay the subject commissions, but denies that the parties never agreed to any such**

1

commissions. In response, Defendant unilaterally sought to impose a ten-fold increase in the storage rate it charged Plaintiff for units that Defendant was storing for Plaintiff, in violation of their storage agreement. **Deny.** Plaintiff refused to pay this ransom, and requested immediate access to its units so it could retrieve them. **Deny.** Defendant refused to allow Plaintiff access to the units, and said that Defendant would not release the units to Plaintiff unless Plaintiff first paid the bogus commissions and exorbitantly increased storage charges. **Deny as to characterization of commissions and charges, admit as to the rest in said sentence.** In addition, Defendant instructed one of Plaintiff's customers to pay rent to Defendant that the customer owed to Plaintiff under a lease. **Admit.** Defendant also failed to pay Plaintiff rent and late charges for units that Defendant leased from Plaintiff. **Admit.**

3. As a result of these acts, Defendant wrongfully retains possession of ten of Plaintiff's modular floor units **(deny)**, and has deprived Plaintiff of the use of these units **(admit)**, including rental income that they could have generated, for over two years **(deny)**. Defendant also has wrongfully retained the rent payments it obtained from Plaintiff's customer, which are rightfully due to Plaintiff. **Deny.** In addition, Defendant owes Plaintiff rent and late charges for the units it leased from Plaintiff. **Admit.**

4. By this lawsuit, Plaintiff seeks to recover through replevin, possession of the modular floor units that are wrongfully being held by Defendant, or in the alternative, to recover the value of those units. In addition, Plaintiff seeks compensation for its loss of use of the units, including the lost rental income it could have received, and depreciation. Plaintiff also seeks to recover the rent payments from Plaintiff's customer that were wrongfully retained by Defendant, and rent payments for units that Defendant leased from Plaintiff. Because Defendant has willfully deprived Plaintiff of its property in wonton disregard of Plaintiff's property rights, Plaintiff seeks punitive damages.

Finally, Plaintiff seeks a declaratory judgment that it is not obligated to pay the commissions or storage charges that Defendant demands.

**Defendant states that Plaintiff's complaint speaks for itself. Defendant denies that the subject units have been wrongfully held. In addition, Defendant denies that Plaintiff lost any rental income. Defendant denies that the rent payments were wrongfully detained. Defendant denies that Plaintiff is entitled to punitive damages.**

## THE PARTIES, JURISDICTION AND VENUE

5. Plaintiff is a Delaware corporation with its principal place of business in Wayne, Pennsylvania. On March 29, 2007, Plaintiff changed its name from Resun Leasing, Inc. to Modular Space Corporation.

**Defendant lacks sufficient knowledge to either admit or deny the allegations contained in this paragraph, and demands strict proof thereof.**

6. Defendant is an Illinois corporation with its principal place of business located at 1540 State Route 31, Oswego, Kendall County, Illinois. Defendant operates a storage yard located 150 Light Road, Oswego, Illinois 60543, where it stores modular floor units. In addition, Defendant offers services relating to the delivery, removal, assembly and disassembly of modular floor units.

**Defendant admits the allegations contained in this paragraph.**

7. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332. The parties are citizens of different states and the amount in controversy exceeds $75,000.00.

**Admit**

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the Defendant resides in this judicial district, a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this judicial district, and the property that is the subject of this action is situated in this judicial district.

**Admit**

# BACKGROUND

A.   <u>Defendant's Improper Rent Charges.</u>

9.   Title to the modular floor units that Plaintiff uses in its business are held by its affiliate, Resun Chippewa, Inc., and the units are leased to Plaintiff.

**Defendant lacks sufficient knowledge to either admit or deny the allegations contained in this paragraph, and demands strict proof thereof.**

10.   Beginning no later than September 2004, Plaintiff and Defendant entered into and operated under an agreement for Defendant to store Plaintiff's modular floor units that were not under lease in Defendant's yard. Under this agreement, Plaintiff paid Defendant a monthly storage rate of $40 per modular floor unit.

**Defendant admits the allegations contained in this paragraph.**

11.   Through June 2005, Defendant invoiced Plaintiff for storage based upon this $40 per unit per month rate, and Plaintiff timely paid the invoiced amounts.

**Admit**

12.   Beginning in July 2005, Defendant began invoicing Plaintiff for storage at a monthly rate of $400 per unit. Plaintiff never agreed to this increased storage rate, and refused to pay for storage at this rate.

**Defendant admits the allegations contained in this paragraph.**

13.   Defendant continues to demand payment at this storage rate from Plaintiff for the period from July 2005 to the present. **Admit.** For July 2005, Defendant demands payment at this rate for twelve units (totaling $4,800). **Deny.** From August 2005 to present, Defendant demands payment at this rate for eight units (totaling $3,200 per month). **Deny.** In total, Defendant demands over $90,000 in rent payments at this $400 per unit monthly rate. **Deny.**

4

B.    <u>Defendant Wrongfully Procured Rent Due To Plaintiff</u>

14.    On February 1, 2005, Plaintiff entered into an Operating Lease Agreement with East Lake Management ("East Lake"), under which Plaintiff agreed to lease certain modular floor units to East Lake for rent totaling $1,500 per month.

**Admit. Defendant's commission is still due and owing with respect to this lease.**

15.    East Lake hired Defendant to deliver the modular floor units that were the subject of its Operating Lease Agreement with Plaintiff. Defendant charged East Lake nearly $10,000 for delivery, and also collected from East Lake a $1,500 deposit, $4,000 for future disassembly of the units and $1,125 for future return freight.

**Defendant admits the allegations contained in this paragraph.**

16.    In addition to these amounts, Defendant instructed East Lake to pay its monthly rent to Defendant, not Plaintiff.

**Defendant was asked by East Lake Management to invoice the rent for Plaintiff until Plaintiff was approved as a vendor. East Lake paid Defendant for two (2) months rental payments. After Plaintiff was approved as a vendor for East Lake, all remaining payments from East Lake were paid directly to Plaintiff. As with past practices, Defendant was to forward all such collected rent payments to Plaintiff.**

17.    Defendant wrongfully received two rent payments from East Lake totaling $3,000. **Deny.** These payments were rightfully due to Plaintiff as rent payments under its Operating Lease Agreement with East Lake. **Admit.**

18.    Defendant has wrongfully refused to relinquish these rent payments to Plaintiff.

**Deny**

5

C.  Defendant's Baseless Demand for Commissions

19. In addition to East Lake, Plaintiff entered into an Operating Lease Agreement with Gladstone Builders & Development ("Gladstone") on November 10, 2004, under which Plaintiff agreed to rent certain modular floor units to Gladstone.

**Admit. Defendant's commission is still due and owing with respect to this lease.**

20. Defendant was not a party to the leases that Plaintiff entered into with East Lake or Gladstone.

**Defendant admits that it was not a named party on the subject leases.**

21. Plaintiff and Defendant had no agreement for Defendant to receive any commissions or other payments relating to Plaintiff's leases with East Lake or Gladstone.

**Deny**

22. In December 2004, Defendant demanded that Plaintiff pay it a commission in connection with Plaintiff's lease with Gladstone by issuing an invoice to Plaintiff seeking payment of $7,200.

**Admit**

23. In April 2005, Defendant demanded that Plaintiff pay it a commission in connection with Plaintiff's lease with East Lake by issuing an invoice to Plaintiff seeking payment of $3,600.

**Admit**

24. Plaintiff refused to pay Defendant any of these purported commissions. Defendant's demands for these commissions are invalid because Plaintiff does not owe Defendant these commissions.

**Defendant admits that Plaintiff has refused to pay these rightful, legitimate commissions, but denies that Defendant's demands are invalid and that Plaintiff**

6

**does not owe the commissions. Plaintiff owes Defendant commission for three (3) invoices (East Lake, Gladstone, and Diversified) totaling $12,228.00.**

25. On information and belief, Defendant unilaterally sought to increase Plaintiff's storage charges from $40 per modular floor unit per month, to $400 – in violation of the parties' prior agreement – in retaliation for Plaintiff's refusal to pay the bogus commissions that Defendant demanded.

**Deny**

26. On information and belief, Defendant wrongfully obtained the two rent payments due from East Lake to Plaintiff, and refused to relinquish them to Plaintiff, in retaliation for Plaintiff's refusal to pay the bogus commissions that Defendant demanded.

**Deny**

D. <u>Defendant Has Failed To Pay Plaintiff Rent</u>

27. Plaintiff entered into an Operating Lease Agreement with Defendant in October 2003 to lease two modular floor units for $900 per month.

**Admit**

28. Following the twelve month term of this Operating Lease Agreement, Defendant continued to lease these units on a holdover basis, but failed to make required rent and late charge payments.

**Admit**

E. <u>Defendant Wrongfully Retains Possession of Plaintiff's Property</u>

29. Ten of Plaintiff's modular floor units are currently in Defendant's possession and control, and are located at Defendant's storage yard.

**Admit**

30. Defendant has refused to allow Plaintiff to remove these units.

**Admit**

31. Defendant has instructed local shipping vendors not to remove Plaintiff's modular floor units located in Defendant's yard, and Defendant has placed a lock on the gate of the yard to prevent access to Plaintiff's units.

**Admit**

32. Plaintiff has demanded that Defendant provide it with access to retrieve the modular floor units in Defendant's possession, but Defendant has denied Plaintiff access to retrieve them.

**Admit**

### COUNT I – REPLEVIN

33. Plaintiff incorporated by reference paragraphs 1-32 above, as though set forth in full and alleged as this paragraph 33.

**No response required.**

34. Plaintiff is lawfully entitled to possession of the following described property:

**Ten modular floor units bearing the following identification:**

| CLASS TYPE | SIZE | MANUFACTURER | SERIAL NO./MAKE |
|---|---|---|---|
| CLASSROOM-DOUBLE | 12x40' | Manufactured Structures Corp. | 6059-1-F-2444 |
| CLASSROOM-DOUBLE | 12x40' | Manufactured Structures Corp. | 6059-2-F-2444 |
| CLASSROOM-DOUBLE | 12x44' | Manufactured Structures Corp. | 6071/1-F-2444 |
| CLASSROOM-DOUBLE | 12x44' | Manufactured Structures Corp. | 6071-2-F-2444 |
| CLASSROOM-DOUBLE | 12x38' | Modular Buildings, Inc. | 222/Whitley |
| CLASSROOM-DOUBLE | 12x38' | Modular Buildings, Inc. | 223/Whitley |
| CLASSROOM-DOUBLE | 12x38' | Modular Buildings, Inc. | 224/Whitley |
| CLASSROOM-DOUBLE | 12x38' | Modular Buildings, Inc. | 225/Whitley |
| CLASSROOM-DOUBLE | 12x38' | Modular Buildings, Inc. | 228/Whitley |
| CLASSROOM-DOUBLE | 12x38' | Modular Buildings, Inc. | 229/Whitley |

**Deny**

35. This property is wrongfully detained by Defendant **(deny)**, and on information and belief, is located at Defendant's yard at 150 Light Road, Oswego, Illinois 60543 **(admit)**.

36. The value of this property at the time it was wrongfully detained was $164,205.83.

**Defendant lacks sufficient knowledge to either admit or deny the allegations contained in this paragraph, and demands strict proof thereof. Again, Defendant denies that the subject property was wrongfully detained.**

37. This property has not been taken for any tax, assessment or fine levied by virtue of any law of this State, against the property of Plaintiff, or against Plaintiff as an entity, nor seized under any lawful process against the goods and chattels of Plaintiff subject to such lawful process, nor held by virtue of any order for replevin against Plaintiff.

**Admit**

38. Plaintiff has requested access to retrieve this property, but has been denied access to retrieve this property by Defendant.

**Admit**

39. Defendant wrongfully holds and detains this property against the interests of Plaintiff.

**Deny**

### COUNT II – CONVERSION

40. Plaintiff incorporates by reference paragraphs 1-39 above, as though set forth in full and alleged as this paragraph 40.

**No response required.**

41.  From July 2005 to the present, Plaintiff has been denied the fair market rental value for the ten modular floor units that Defendant has wrongfully detained, and the units have depreciated in value.

**Defendant admits that it has retained the subject units, but denies that they have been retained wrongfully. Defendant lacks knowledge as to whether the subject units have depreciated in value, and demands strict proof thereof.**

42.  At all time relevant herein, Plaintiff had rights of immediate possession in the property.

**Deny**

43.  By refusing to allow Plaintiff access to this property to retrieve it, Defendant wrongfully, and without any legal authority, assumed control, dominion or rights of ownership over said property.

**Deny**

44.  Defendant wrongfully and without any legal authority assumed control, dominion, or rights of ownership over this property with willful and wanton indifference to the rights of Plaintiff.

**Deny**

45.  At all times relevant herein, Plaintiff had rights of immediate possession, in the two monthly rent payments that Defendant wrongfully obtained from East Lake totaling $3,000.00.

**Deny**

46.  By obtaining the $3,000.00 in rent payments due from East Lake to Plaintiff, Defendant wrongfully, and without any legal authority, assumed control, dominion, or rights of ownership over said rent payments.

**Deny**

10

47. Defendant wrongfully and without legal authority assumed control, dominion, or rights of ownership over the rent payments with willful and wanton indifference to the rights of Plaintiff.

**Deny**

### COUNT I I I – BREACH OF LEASE

48. Plaintiff incorporates by reference paragraphs 1-47 above, as though set forth in full and alleged as this paragraph 48.

**No response required.**

49. Defendant has failed and refused to pay Plaintiff rent for July and August 2004, and December 2004 through June 2005, for the two modular floor units that Defendant leased from Plaintiff.

**Admit**

50. In addition, Defendant has failed and refused to pay Plaintiff late charges resulting from Defendant's failure to pay rent for these months.

**Admit**

51. Defendant owes Plaintiff over $10,500 in rent and late charges for these units.

**Deny**

### COUNT IV – DECLARATORY JUDGMENT

52. Plaintiff incorporates by reference paragraphs 1-51 above, as though set forth in full and alleged as this paragraph 52.

**No response needed.**

53. Defendant demands payment from Plaintiff for purported commissions relating to Plaintiff's Operating Lease Agreements with East Lake and Gladstone. **Admit.** Plaintiff refuses to pay these commissions **(admit)** because it never entered into

11

an agreement with Defendant for the payment of such commissions **(deny)**, and such commissions are not therefore due and owing **(deny).**

54. Defendant demands payment from Plaintiff for the storage of certain modular floor units from July 2005 to the present at a monthly rate of $400 per unit. Plaintiff refuses to pay these charges because Defendant has wrongfully converted Plaintiff Plaintiff's modular floor units and denied Plaintiff possession of them. Further, it is Plaintiff's position that if it owes any amounts for storage (which Plaintiff disputes), the rate is $40 per unit per month, not $400.

**Defendant denies any allegation of wrongful conversion. Defendant admits the other allegations of this paragraph.**

55. An actual controversy exists between the parties as to whether Plaintiff has any obligation to pay the commissions or storage charges that Defendant demands.

**Admit**

## AFFIRMATIVE DEFENSES

1. With respect to Count II of the complaint, Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff has failed to mitigate its alleged damages.

3. Plaintiff's claims are barred by operation of laches.

4. Plaintiff's claims are barred by the doctrine of unclean hands.

5. Plaintiff's claims are barred by the doctrine of estoppel.

6. Defendant has lawfully withheld and continues to lawfully hold the subject units.

7. Defendant possesses a superior interest in the subject units.

## COUNTERCLAIM

1. For approximately eight (8) years, Defendant has served as the sole Chicago liaison and broker for Plaintiff. Defendant's duties included procuring storage space, marketing, sales, scheduling, storing, transporting, maintenance, and other activities as needed to service modular customers in the Chicago area. After Plaintiff opened a location in Chicago, Defendant sold, marketed, and continued to serve as a partner sales force in the area. Defendant assisted Plaintiff's employees with respect to specifications, engineering, and customer services for Plaintiff's customers and supplied Plaintiff's equipment to Defendant's customers. Defendant supplied some twenty-two (22) new customers, new buildings, and new leases for Plaintiff.

2. Defendant has invoiced Plaintiff and Plaintiff has paid Defendant for invoices for service work (more than thirty (30) service orders) supplied to Defendant's customers and Plaintiff's customers for Plaintiff's equipment. Plaintiff and Defendant have had a long symbiotic relationship, whereby Defendant would find projects and customers for Plaintiff. (Defendant retains over 1,000 pages of documents pertaining to their association of Defendant working all the deals to move Plaintiff's equipment in this area). Many of the deals were with new equipment that Defendant designed, specified, and built for a lease through Plaintiff. Other deals were with existing, used equipment owned by Plaintiff and Defendant was paid a commission to move that equipment.

3. Defendant invoiced Plaintiff for commissions in connection with Defendant bringing lease deals to Plaintiff.

4. Defendant brought its customer, East Lake Management, to Plaintiff to enter into an Operating Lease Agreement on a commission basis as had been a customary

arrangement between Defendant and Plaintiff. Prior to this date, Plaintiff has never had any transactions with or knowledge of East Lake Management.

5. In June of 2005, Defendant demanded that Plaintiff pay it a commission in connection with Plaintiff's lease with Diversified Real Estate, by issuing an invoice to Plaintiff seeking payment of $1,428.00.

6. Defendant dealt with Patrick Johnson in Resun's Aurora office with respect to the three (3) deals at issue. These leases were Gladstone Builders (Lease # 4520075), East Lake Management (Lease # 4520952), and Developers Design Group (Lease # 4523526).

7. Ricky Matlock explained to Mr. Johnson what the previous arrangements had been and went on to do these deals. While there was no written agreement concerning these commissions in question, Defendant operated these deals in like and similar manner as had been with previous deals for several years. During this period, Defendant was notified that Bank of America had taken control of Plaintiff and that no such commission arrangement now existed between Plaintiff and Defendant. Lisa Barns at Bank of America notified Defendant that Plaintiff would not honor the previous agreements. At no time before these deals did Plaintiff ever disclose to Defendant the sale of their business Resun, nor was Defendant notified of a change in terms of Defendant's and Plaintiff's business association.

8. Defendant is owed a total of $12,228.00 for commissions on the subject invoices. Plaintiff is liable for this amount. Because Plaintiff had paid Defendant commissions in prior dealings, Defendant had justifiably presumed that commissions would be paid as per the parties' customary agreement. As with previous deals, when the final customer had not approved Plaintiff as a vendor, Defendant invoiced and would collect rent payments and then forward to Plaintiff to credit customer's account. When Plaintiff refused to pay Defendant the commission owed, then Defendant retained such

payments until the commissions were paid. These monies were held to off-set the unpaid commissions due Defendant from Plaintiff. When Plaintiff refused to pay commissions due Defendant, then Defendant ceased paying rent due Plaintiff to off-set the unpaid commissions owed Defendant from Plaintiff.

9. Furthermore, Defendant has not paid storage fees due from Plaintiff on the ten (10) modular units stored in Defendant's yard since June of 2005. At the original rate of $40.00 per unit, per month, for the thirty-six (36) months in arrears, there is a total of $14,400 due and owing for rent, i.e., 10 units x $40.00 each = $400.00/mo. x 36 months = $14,400.00.

WHERFORE, Defendant Intelli-Space Modular Buildings, Inc. respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff Modular Space Corporation in the amount of $26,628.00, plus costs.

Respectfully submitted,

INTELLI-SPACE MODULAR BUILDINGS, INC.

By: _____
    One of its Attorneys

Robert T. Kuehl
Weltman, Weinberg & Reis Co., L.P.A.
180 N. LaSalle St., Ste. 2400
Chicago, Illinois 60601
Telephone: 312-782-9676
Facsimile: 312-782-4201
ARDC#: 6271281

## VERIFICATION

I verify under penalty of perjury that the factual allegations contained in the foregoing pleading are true and correct.

By: _____  5-16-08
Ricky Matlock, President of
Intelli-Space Modular Buildings, Inc.