# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MODULAR SPACE CORPORATION | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 07-cv-06742 |
| | ) |
| INTELLI-SPACE BUILDINGS, INC. | ) Judge John W. Darrah |
| | ) |
| Defendant. | ) Magistrate Judge Keys |

PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Modular Space Corporation requests that Defendant Intelli-Space Buildings, Inc. answer the following interrogatories under oath within thirty (30) days of service.

DEFINITIONS

1.  The terms "defendant," "you," and "your" means and refers to the defendant in this case, and its respective agents, representatives, or any other person acting or purporting to act for or on its behalf.

2.  The term "plaintiff" means and refers to the plaintiff in this case, whether known by its current name or its former name of Resun Leasing, Inc., and its respective agents, representatives, or any other person acting or purporting to act for or on its behalf.

3.  The phrase "refer or relate to" means embodies, evidences, pertains to, concerns, references, sets forth, constitutes, comprises, analyses, discusses, memorializes, comments upon, contains, shows, discloses, describes, explains, summarizes or, directly or indirectly, has any factual or logical connection or relevance to the subject matter of the request.

4.  The conjunctions "and" and "or" shall be interpreted both conjunctively and disjunctively so as not to exclude from the scope of the request any documents, information or subject matter.

5.  The term "document" or "documents" shall have the same meaning as that given to those words for purposes of Federal Rule of Civil Procedure 34 and shall include, without limitation, any and all documents or writings of any kind, whether originals, drafts, duplicates, reproductions, facsimiles or copies, and whether typewritten, handwritten, printed, recorded, electronically encoded or otherwise produced.

6.  The conjunctions "and" and "or" shall be interpreted both conjunctively and disjunctively so as not to exclude from the scope of the request any documents, information or subject matter.

7.  "Identify" or "identity" when used in reference to documents means to give the date, title, author and addressee.

8.  "Identify" or "identity" when used in reference to a person means:

    (a)  to state his/her full name;

    (b)  title/position;

    (c)  present residence address or last known residence;

    (d)  present or last known business address;

    (e)  present employer or last known employer; and

    (f)  whether ever employed by any party to this action and, if so, the dates he or she was employed by such party, the name of such party, and the last position held as an employee of such party.

9.  "Identify" or "identity" when used in reference to a communication means:

    (a)  the date of the communication;

    (b)  the location of the communication;

  (c)  the manner of the communication (i.e., in person, telephone conversation, written correspondence, etc.);

  (d)  the identity of the individuals involved in the communication;

  (e)  the person who initiated the communication, and the reason initiated;

  (f)  the substance of the communication; and

  (g)  the identity of any documents evidencing, referring, or relating to the communication.

10. "Describe" means to specify in detail and to particularize the content of the answer to the question and not just to state the reply in summary or outline fashion.

11. Unless otherwise defined, terms have the same meaning as in the Complaint.

## INSTRUCTIONS

1. If any form of privilege, immunity, or other protection from discovery or disclosure is claimed as a ground for withholding documents responsive to these requests, please provide a privilege log containing the information required by Rule 26(b)(5).

2. If your answer to any interrogatory is "unknown", "not applicable" or any similar phrase or answer, state the following:

  (a)  why the answer to that interrogatory is "unknown";

  (b)  the efforts made to obtain answers to the particular interrogatory; and

  (c)  the name and address of any person who may know the answer.

3. If an objection is made to any Interrogatory on grounds of privilege or if an answer to any Interrogatory is withheld on grounds of privilege, provide the following information:

  (a)  the nature of the privilege claimed and the reason it is claimed;

  (b)  with respect to documents: (i) the form of the document; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) other information to identify the document, including the title of the document, author of the document, and addressee or recipient of the documents;

(c) for oral communications: (i) the name of the person making the communication; (ii) the names of the persons present while the communication was made; (iii) the relationship of the persons present to the person making the communication; and (iv) the general subject matter of the communication; and

(d) the identity of each person having knowledge of the factual basis, if any, on which the privilege is asserted.

## INTERROGATORIES

INTERROGATORY NO. 1:

With respect to any agreements that you allege existed between Plaintiff and Defendant for the payment of commissions in connection with the three leases identified in paragraph 2 of Defendant's Counterclaim, provide the following:

(a) state the terms of each agreement including, but not limited to, the amounts and dates of any commission payments you contend Plaintiff was required to make to Defendant;
(b) identify all individuals who entered into these agreements on behalf of Plaintiff and Defendant;
(c) state the date on which each agreement was entered into;
(d) identify all individuals who witnessed the parties entering into each agreement;
(e) identify all documents relating to or reflecting any of the agreements; and
(f) identify all communications relating to the formation of each agreement.

ANSWER:


INTERROGATORY NO. 2:

With respect to the allegations in paragraph 3 of Defendant's Counterclaim, for each of the "previous deals" in which you contend Plaintiff and Defendant had an agreement pursuant to which Plaintiff paid Defendant commissions on leases, provide the following:

(a) identify the nonparty lessee;
(b) state the terms of each agreement including, but not limited to, the amounts and dates of commission payments that you contend Plaintiff made to Defendant;
(c) identify all individuals who entered into these agreements on behalf of Plaintiff or Defendant;
(d) state the date on which each agreement was entered into;
(e) identify all individuals who witnessed the parties entering into each agreement;
(f) identify all documents relating to or reflecting any of the agreements; and
(g) identify all communications relating to the formation of each agreement.

ANSWER:

INTERROGATORY NO. 3:

State all activities undertaken by Defendant to maintain or preserve the ten modular floor units, identified in paragraph 34 of the Complaint, since they have been in Defendant's custody or control.

ANSWER:

INTERROGATORY NO. 4:

With respect to Defendant's answer to paragraph 16 of the Complaint, identify the following:

(a) any person who asked Defendant "to invoice the rent for Plaintiff until Plaintiff was approved as a vendor" on behalf East Lake Management;
(b) any communications that relate to this request; and
(c) any documents that reflect or relate to this request.

ANSWER:

INTERROGATORY NO. 5:

Describe all activities undertaken by Defendant to prevent Plaintiff from gaining access to the ten modular floor units, identified in paragraph 34 of the Complaint.

ANSWER:

INTERROGATORY NO. 6:

State the date on which Defendant placed a lock on the gate at the location where Defendant stored the ten modular floor units, identified in paragraph 34 of the Complaint, to prevent Plaintiff from gaining access to them.

ANSWER:

INTERROGATORY NO. 7:

On page 2 of the attached October 31, 2005 letter from Ricky Matlock to James Sheets, Mr. Matlock states that he "informed Curtis Sanders that access to the storage facility would be denied until such time as the arrears were paid in full." State the date when this referenced communication occurred, and identify any documents that reflect or relate to it.

ANSWER:


INTERROGATORY NO. 8:

State all facts that Defendant contends justified (a) its refusal to relinquish the ten modular floor units to Plaintiff, (b) its failure to pay Plaintiff rent for the two units Defendant leased from Plaintiff, or (c) its failure to pay Plaintiff the rent payments due from East Lake Management to Plaintiff that Defendant received.

ANSWER:


INTERROGATORY NO. 9:

If you contend that Plaintiff and Defendant entered into an agreement pursuant to which Plaintiff agreed to pay Defendant $400 per unit per month for storage:

    (a)    state the date such agreement was entered into;
    (b)    identify any individuals who entered into this agreement on behalf of Plaintiff and Defendant; and
    (c)    identify any documents reflecting or relating to this agreement.

ANSWER:


Dated: April 11, 2008                                    MODULAR SPACE CORPORATION

                                                                  By: _____
                                                                         One of its Attorneys

Stephen R. Meinertzhagen, smeinertzhagen@burkelaw.com
Susan J. Miller, smiller@burkelaw.com
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash Ave., 22nd Floor
Chicago, IL  60611
312-840-7000
Fax 312-840-7900
465671.1

7

**Intelli-Space Modular Buildings**
*"Your Intelligent Choice In Modular Buildings"*
1-877-SPACE-2-U / www.intelli-space.com
General Contractors of Modular Space ◆ Modular Sales Centers ◆ Portable Classrooms ◆ Mobile Offices

Monday, October 31, 2005

Mr. James D. Sheets
Vice President and Corporate Counsel
Resun Leasing, Inc.
22810 Quicksilver Drive
Dulles, VA. 20166

RE: Resun Leasing, Inc.
Intelli-Space Modular Buildings, Inc.

Dear Mr. Sheets,

In response to your letter dated October 20, 2005 our response is as follows.

**Wrongfully Collected Rent**
You have correctly stated that Intelli-Space has collected the tear-down and return freight charges from Eastlake Management to perform these services at lease expiration. At the time of lease signing, Intelli-Space was a suitable vendor for these services. After all, Intelli-Space was a suitable vendor for obtaining the customer, researching your equipment and providing the delivery and set-up at lease signing. This agreement was made between Intelli-Space's customer, Eastlake Management and Intelli-Space. Your letter indicated that Eastlake is a Resun customer. The correct position is that Resun had never known, would have never been aware of, would have never rented the equipment without Eastlake first being Intelli-Space's customer, without first Intelli-Space finding the project, without first Intelli-Space originally building the equipment for your inventory and without Intelli-Space finding the customer. In fact, this particular piece of equipment has never been rented by any Resun employee, since the day it was built; every rental for this equipment has been through my direction and my efforts. We are further distressed that disparaging and defaming remarks were made to Caroline Kenney of Eastlake Management, regarding Intelli-Space in a conversation between herself and Lisa Barris of Resun. Therefore our position is that Resun has no standing in this matter. Your demand for return of these monies is therefore denied. Your demand for rental monies collected is addressed in the following paragraph.

**Commissions Owed**
I personally have had a long history with Resun Leasing. From the time I was with Satellite Shelters and brokered buildings through Stratton Securities and now with Intelli-Space Modular Buildings. With Satellite I'd imagine I did about 40 projects and with Intelli-Space for the past 5 years I've brokered in some way around 20 buildings for Resun. Actually, my efforts account for the reason that Resun has a presence in Chicago. I sold so many buildings in the area, Resun needed to store those that came off-lease here instead of shipping them back to Kansas City or St. Louis. In fact, I am the one that found your yard in Aurora.

*P.O. Box 898, Oswego, Illinois 60543, Ph: (630) 551-0800 / Fax: (630) 551-0900*

**Intelli-Space Modular Buildings**
"Your Intelligent Choice in Modular Buildings"
1-877-SPACE-2-U / www.intelli-space.com
General Contractors of Modular Space ◆ Modular Sales Centers ◆ Portable Classrooms ◆ Mobile Offices

Our association (that can be demonstrated by previous deals) has worked on two main levels. The first way we would deal is I found the project, found the customer, put together deals, designed, specified and built brand new buildings; then sold the equipment and the lease to Resun, making our money on the building and the set-up costs. Resun collected the rent and acquired the equipment. Secondly, (as in the cases I'll outline later), since I know most of the inventory Resun possesses in Chicago, our efforts were to find the project, find the customer, contact Resun for a rental rate for the <u>existing</u> building. Any amount exceeding the quoted rental rate is our commission for the deal. For instance, on the Eastlake Management you've mentioned, I was quoted $1,300.00 per month from Resun and I quoted Eastlake $1,500.00 per month, of which they agreed. This leaves a $200.00 difference per month X 18 months. Whether this is Resun's policy or not, this is how my association with Resun has proceeded in our history and we've all made money in this symbiotic relationship. I work in a similar manner with Satellite Shelters, Williams-Scotsman and GE Mod Space and we all make money. Just ask yourself, why would I be renting Resun buildings and not being compensated for my efforts? I can document my previous dealings with Resun that have proceeded in this manner…there is a president that can be demonstrated. Your letter states this is not Resun's policy to pay a commission for marketing your equipment; when did this policy change? In addition to Eastlake Management commission of $3,600.00 owed to Intelli-Space, there are two other deals of which we have invoiced and yet to be compensated. They are Gladstone Builders in the amount of $7,200.00 and Developers Design Group in the amount of $1,428.00. Therefore, Intelli-Space demands Resun to pay the three total commission invoices of $12,228.00. After such time, we can settle on the collected rent you mentioned.

**Storage Fees**
Lisa Barnes stated in a phone conversation with me, Resun possess no written agreement with Intelli-Space that allows for paying commissions. I informed Lisa Barnes that likewise, Intelli-Space possesses no such lease stating the rental terms for our storage facility. Therefore, without a written lease between Intelli-Space and Resun, it is our policy to increase our rental rates at our discretion. If Resun views the rental increase as arbitrary and capricious; Intelli-Space views denial of paid commissions in like manner. After receiving your first invoice reflecting the increased rental rate, Resun had an entire month to remove their equipment after paying that first invoice. If Resun was not comfortable with the increase, then paying the first increased invoice would have given Resun ample opportunity for the equipment removal before the arrears. Our records indicate you have outstanding rental invoices from July, August, September and October, this year. Simply paying your rent 'current' at any time during the past 4 months would have allowed you access to your equipment. Common since fails to explain how Resun's lack of attention to this serious matter constitutes any incumbency upon Intelli-Space whatsoever. I informed Curtis Sanders that access to the storage facility would be denied until such time as the arrears were paid in full. To this date, none of these invoices have been paid, until now, no effort on your part has been forthcoming and your current balance is now $15,040.00. Therefore, Intelli-Space demands Resun pay both the (3) commission invoices previously mentioned and the (4) rental invoices in the full amount of $27,268.00.

P.O. Box 898, Oswego, Illinois 60543, Ph: (630) 551-0800 / Fax: (630) 551-0900

**Intelli-Space Modular Buildings**
*"Your Intelligent Choice in Modular Buildings"*
1-877-SPACE-2-0 / www.intelli-space.com
General Contractors of Modular Space ♦ Modular Sales Centers ♦ Portable Classrooms ♦ Mobile Offices

I have spoken with my attorney on these issues and I'm informed I have proven president for the owed commissions and destraining Resun's equipment is within our purview. Our intention is also to avoid litigation and ultimately restore our lucrative relationship of which we've both enjoyed success in the Chicago market. Our position is to negotiate a suitable compromise and make these issues go away for both parties involved. This would allow Resun unimpeded access to the equipment in our storage facility. I have attempted to resolve these issues in the past without success but will allow one more round before I take legal action to remedy.

I'm looking forward to Resun's principles making an offer to Intelli-Space by November 11th, 2005 to settle our differences in an amicable manner.

Kindest Regards,

*Ricky Matlock*

Ricky Matlock
President

## CERTIFICATE OF SERVICE

I, Stephen R. Meinertzhagen, an attorney, hereby certify that on April 11, 2008, I served by U.S. mail, copies of the attached Plaintiff's First Set of Interrogatories to Defendant to upon:

Robert T. Kuehl
Weltman, Weinberg & Reis Co., L.P.A.
180 N. LaSalle Street
Suite 2400
Chicago, IL 60601

_____
Stephen R. Meinertzhagen

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MODULAR SPACE CORPORATION | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 07-cv-06742 |
| | ) |
| INTELLI-SPACE BUILDINGS, INC. | ) Judge John W. Darrah |
| | ) |
| Defendant. | ) Magistrate Judge Keys |

<u>DEFENDANTS' FIRST SET OF DOCUMENT REQUESTS TO PLAINTIFF</u>

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Modular Space Corporation requests that Defendant Intelli-Space Buildings, Inc. produce the documents described below for inspection and copying at the law offices of Burke, Warren, MacKay & Serritella, P.C., within thirty (30) days after service of these requests for production of documents.

<u>DEFINITIONS</u>

1.   The terms "defendant," "you," and "your" means and refers to the defendant in this case, and its respective agents, representatives, or any other person acting or purporting to act for or on its behalf.

2.   The term "plaintiff" means and refers to the plaintiff in this case, whether known by its current name or its former name of Resun Leasing, Inc., and its respective agents, representatives, or any other person acting or purporting to act for or on its behalf.

3.   The phrase "refer or relate to" means embodies, evidences, pertains to, concerns, references, sets forth, constitutes, comprises, analyses, discusses, memorializes, comments upon, contains, shows, discloses, describes, explains, summarizes or, directly or indirectly, has any factual or logical connection or relevance to the subject matter of the request.

4.     The term "document" or "documents" shall have the same meaning as that given to those words for purposes of Federal Rule of Civil Procedure 34 and shall include, without limitation, any and all documents or writings of any kind, whether originals, drafts, duplicates, reproductions, facsimiles or copies, and whether typewritten, handwritten, printed, recorded, electronically encoded or otherwise produced.

5.     The conjunctions "and" and "or" shall be interpreted both conjunctively and disjunctively so as not to exclude from the scope of the request any documents, information or subject matter.

6.     Unless otherwise defined, terms have the same meaning as in the Complaint.

## INSTRUCTIONS

1.     If any form of privilege, immunity, or other protection from discovery or disclosure is claimed as a ground for withholding documents responsive to these requests, please provide a privilege log containing the information required by Rule 26(b)(5).

2.     If any document was once within your possession, custody or control but no longer is because it has been lost, discarded, misplaced, destroyed or otherwise disposed of, please provide with respect to each such document the following:

(a)   the type of document, e.g., written, recording, e-mail, etc.;
(b)   a description of the subject matter and contents of the document;
(c)   the date the document was lost, discarded, misplaced, destroyed or otherwise disposed of;
(d)   the circumstances surrounding, and reasons for the loss, discard, misplacement, destruction or other disposition of the document; and
(e)   the identity of the person most knowledgeable of the circumstances surrounding the loss or destruction of the document.

## REQUESTS

1.     The three leases identified in paragraph 2 of Defendant's Counterclaim.

2. The lease between Plaintiff and Defendant identified in paragraph 26 of the Complaint.

3. All documents, including but not limited to photographs, reflecting the condition of any or all of the ten modular floor units identified in paragraph 34 of the Complaint, at any time since they have been in Defendant's custody or control.

4. All documents reflecting the value, at any time, of any or all of the ten modular floor units identified in paragraph 34 of the Complaint.

5. All documents reflecting or relating to any agreement between Plaintiff and Defendant pursuant to which you contend Plaintiff agreed to pay Defendant commissions in connection with any of the three leases identified in paragraph 2 of Defendant's Counterclaim.

6. All documents reflecting or relating to any agreement between Plaintiff and Defendant pursuant to which you contend Plaintiff agreed to pay Defendant a commission in connection with any leases entered into between Plaintiff and any nonparties to this litigation.

7. All documents identified in Defendant's responses to Plaintiff's First Set of Interrogatories.

8. All documents relied upon in responding to Plaintiff's First Set of Interrogatories.

9. All documents identified in Defendant's Rule 26(a)(1)(B) Disclosures.

10. All documents that you contend support your claim for any of the damages that you seek in your Counterclaim in this lawsuit.

11. The documents identified in Defendant's answer to paragraph 21 of the Complaint.

12. The report of any expert whose testimony you expect to rely upon in this lawsuit.

Dated: April 11, 2008                                           MODULAR SPACE CORPORATION

                                                                By: _____
                                                                        One of its Attorneys

Stephen R. Meinertzhagen, smeinertzhagen@burkelaw.com
Susan J. Miller, smiller@burkelaw.com
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash Ave., 22nd Floor
Chicago, IL 60611
312-840-7000
Fax 312-840-7900

465686.1

## CERTIFICATE OF SERVICE

I, Stephen R. Meinertzhagen, an attorney, hereby certify that on April 11, 2008, I served by U.S. mail, copies of the attached Defendants' First Set of Document Requests to Plaintiff to upon:

>Robert T. Kuehl
>Weltman, Weinberg & Reis Co., L.P.A.
>180 N. LaSalle Street
>Suite 2400
>Chicago, IL  60601

_____
Stephen R. Meinertzhagen