IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MODULAR SPACE CORPORATION ) | |
| ) | |
| Plaintiff ) | |
| ) | No.   07-cv-06742 |
| v. ) | |
| ) | Judge John W. Darrah |
| INTELLI-SPACE MODULAR ) | |
| BUILDINGS, INC., ) | Magistrate Judge Arlander Keys |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S SECOND MOTION TO COMPEL RESPONSES
TO INTERROGATORIES AND DOCUMENT REQUESTS**

Plaintiff Modular Space Corporation moves this Court for an order compelling Defendant Intelli-Space Modular Buildings, Inc. to fully respond to Plaintiff's first set of interrogatories and document requests, and in support thereof, states as follows:

1.  On April 11, 2008, Plaintiff served Defendant with its first set of interrogatories and document requests, copies of which are attached hereto as Exhibits A and B, respectively. As discussed below, Defendant has failed to provide <u>basic</u> information concerning its purported defenses to Plaintiff's claims, as well as its counterclaim against Plaintiff.

**COUNSEL'S EFFORTS TO MEET AND CONFER**

2.  Plaintiff served its first set of interrogatories and document requests on April 11, 2008, and Defendant's responses were due on May 14, 2008. After attempting to get Defendant to respond to the written discovery requests for several months, Plaintiff filed its first motion to compel on June 25, 2008. On July 11, 2008, this Court granted Plaintiff's motion and directed Defendant to respond to all outstanding interrogatories and document requests by July 18, 2008. The Court also held that all Defendant's objections

were deemed waived, and awarded Plaintiff its counsel fees and costs in the amount of $775.[1] A true and accurate copy of the Court's July 11 order is attached hereto as Exhibit C.

3. On July 18, 2008, Defendant served responses to Plaintiff's written discovery requests, true and accurate copies of which are attached hereto as Exhibits D and E.

4. Because Defendant's responses were in many respects woefully insufficient, Plaintiff's counsel wrote to Defendant's counsel on July 25, 2008 in an effort to meet and confer. In this letter Plaintiff's counsel requested that Defendant cure the defects its discovery responses by August 1, 2008. A copy of this letter is attached hereto as Exhibit F.

5. On August 1, 2008, Defendant's counsel emailed Plaintiff's counsel and stated that he was preparing a response to Plaintiff's counsel's July 25 letter, and that he "expect[ed] to have that to you early next week," which would have been the week of August 4, 2008. A printout of this email is attached as Exhibit G.

6. Because no response was received, on August 7, 2008, Plaintiff's counsel called Defendant's counsel and left a voicemail message inquiring about the status of Defendant's insufficient discovery responses and requesting that Defendant's counsel return Plaintiff's counsel's call.

7. As of the filing of this motion, Defendant has done nothing to cure the insufficiencies of its discovery responses, and its counsel has failed to either respond to Plaintiff's counsel's letter or return Plaintiff's counsel's phone call.

---

[1] To date, Defendant has failed to make this payment.

8. Given Defendant's continuing pattern of failing to respond to discovery in this case, and for the reasons set forth below, Plaintiff now asks the Court to enter an order requiring Defendant to fully and properly respond to Plaintiff's interrogatories and document requests enumerated below, and to award Plaintiff such other relief as is authorized by the rules governing discovery.

### DEFENDANT'S INSUFFICIENT RESPONSES TO PLAINTIFF'S INTERROGATORIES

As set forth below, Defendant improperly fails to adequately respond to Plaintiff's interrogatories relating to basic factual issues in this case. Defendant's refusal to provide this discovery is improper and Defendant should be ordered to respond in full to Plaintiff's interrogatories. Plaintiff's interrogatories and Defendant's insufficient responses are as follows:

**Interrogatory Number 1:**

> With respect to any agreements that you allege existed between Plaintiff and Defendant for the payment of commissions in connection with the three leases identified in paragraph 2 of Defendant's Counterclaim, provide the following:
>
> (a) state the terms of each agreement including, but not limited to, the amounts and dates of any commission payments you contend Plaintiff was required to make to Defendant;
> (b) identify all individuals who entered into these agreements on behalf of Plaintiff and Defendant;
> (c) state the date on which each agreement was entered into;
> (d) identify all individuals who witnessed the parties entering into each agreement;
> (e) identify all documents relating to or reflecting any of the agreements; and
> (f) identify all communications relating to the formation of each agreement.

**Plaintiff's Response:**

> *See* Defendant's answer to Plaintiffs complaint. *See also* documents being produced in response to production requests, specifically those marked 1-128, 229-243, 277-281, and 289-318. As previously indicated, because Plaintiff had

paid Defendant commissions in prior dealings, Defendant had justifiably presumed that commissions would be paid with respect to the subject deals as per the parties' customary agreement. While there was no written agreement concerning the commissions in question, Defendant operated these deals in like and similar manner as had been with previous deals for several years, and should be compensated. Investigation continues.

Defendant asserts a counterclaim in which it alleges that Plaintiff and Defendant entered into oral agreements for the payment of commissions on three leases Plaintiff entered into with its customers. In Interrogatory Number 1, Plaintiff seeks basic information relating to these three alleged oral commission agreements, such as their terms, and when and by whom they were entered into. Defendant's answer is entirely nonresponsive. Defendant states that "there was no written agreement concerning the commissions in question," but rather than provide the requested information such as the terms of the alleged oral agreements, Plaintiff simply makes a general reference to Defendant's answer to Plaintiff's complaint (although the answer contains none of the information requested in this interrogatory) and refers generally to approximately 200 pages of produced documents, none of which provide any of the requested information. Obviously, reference to hundreds of pages of documents does not disclose the terms of an alleged oral agreement. Defendant's answer also states that Defendant "justifiably presumed that commissions would be paid with respect to the subject deals as per the parties' customary agreement," yet Defendant's response fails even to provide information such as the terms of the purported "customary agreement."

**Interrogatory Number 2:**

> With respect to the allegations in paragraph 3 of Defendant's Counterclaim, for each of the "previous deals" in which you contend Plaintiff and Defendant had an agreement pursuant to which Plaintiff paid Defendant commissions on leases, provide the following:

(a) identify the nonparty lessee;
(b) state the terms of each agreement including, but not limited to, the amounts and dates of commission payments that you contend Plaintiff made to Defendant;
(c) identify all individuals who entered into these agreements on behalf of Plaintiff or Defendant;
(d) state the date on which each agreement was entered into;
(e) identify all individuals who witnessed the parties entering into each agreement;
(f) identify all documents relating to or reflecting any of the agreements; and
(g) identify all communications relating to the formation of each agreement.

**Plaintiff's Response:**

*See* documents being tendered in response to Plaintiffs request for production of documents, specifically those marked 53-128, 229-243, 277-281, and 289-318. Again, there was no written agreement in place with respect to Defendant's commissions. Defendant always did the work, however, and was paid by Plaintiff on those previous deals. Specifically, commissions were paid to Defendant on the following projects:

HOMEWERKS, FOUNTAIN SQUARE TAMDEM DEVELOPMENT, BREWERS HILL

DIVERSIFIED REAL ESTATE DEV., MILL CREEK-TIMBER RIDGE

Investigation continues.

Here, Plaintiff seeks similar information concerning the alleged "previous deals" where Defendant claims the parties had an agreement for the payment of commissions on leases. Defendant's answer merely lists the names of six customers and then generally refers to over a hundred pages of produced documents. This does not respond to Plaintiff's interrogatory and it fails to provide any of the requested details about the purported "previous deals," such as their terms or by whom and when they were entered into. While Fed.R.Civ.P. 33(d) permits a party to specify records from which an answer may be derived where the burden of ascertaining the answer is substantially the same for both parties, such "specification shall be in sufficient detail to permit the interrogating

party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained." Defendant's answer fails to meet this standard. For instance, Plaintiff identifies Homewerks as one of the customers in the "previous deals," but there is no identification of the documents relating to Homewerks, let alone an identification of the documents that respond to each of the subparts of interrogatory number 2.

**Interrogatory Number 4:**

> With respect to Defendant's answer to paragraph 16 of the Complaint, identify the following:
>
> (a) any person who asked Defendant "to invoice the rent for Plaintiff until Plaintiff was approved as a vendor" on behalf East Lake Management;
> (b) any communications that relate to this request; and
> (c) any documents that reflect or relate to this request.

**Plaintiff's Response:**

> Caroline Kenney
>
> Investigation continues.

Defendant's response disregards definition number 8 in Plaintiff's interrogatories, which defines the information to be provided where an individual's "identity" is requested, which includes in addition to the person's name, his or her title or position, residence and business addresses, and information about the person's employer. Further, Defendant provides no answer whatsoever to subparts (b) and (c) seeking the identification of related documents and communications.

**Interrogatory Number 6:**

> State the date on which Defendant placed a lock on the gate at the location where Defendant stored the ten modular floor units, identified in paragraph 34 of the Complaint, to prevent Plaintiff from gaining access to them.

**Plaintiff's Response:**

> Defendant rents space in its storage yard to several customers. Any customer is required to contact Defendant to gain access to the storage yard. As with all of Plaintiff's facilities, a local is present for security. Our lock was placed on our gate on July 7, 2003. Again, Defendant has never denied access to Plaintiff.
>
> Defendant states that as part of its answer that "a local is present for security."

Because this position of the response is vague and ambiguous, Plaintiff has requested that Defendant explains in greater detail what it means by this response.

**Interrogatory Number 8:**

> State all facts that Defendant contends justified (a) its refusal to relinquish the ten modular floor units to Plaintiff, (b) its failure to pay Plaintiff rent for the two units Defendant leased from Plaintiff, or (c) its failure to pay Plaintiff the rent payments due from East Lake Management to Plaintiff that Defendant received.

**Plaintiff's Response:**

> See Defendant's answer to Plaintiffs complaint. As indicated, Defendant denied access to the subject units because Plaintiff was not paying the storage fees as required.
>
> It is insufficient to respond to an interrogatory request for specific facts with a

general reference to a pleading. Defendant must specify the basic facts which Defendant claims entitled it to convert the ten modular floor units that are the subject of Plaintiff's complaint.

**DEFENDANT'S INSUFFICIENT RESPONSES
TO PLAINTIFF'S DOCUMENT REQUESTS**

Defendant also improperly fails to adequately respond to the following document requests:

**Document Request Number 2:**

> The lease between Plaintiff and Defendant identified in paragraph 26 of the Complaint.

**Plaintiff's Response:**

*See* documents enclosed herewith and marked 30-38.

The document Bates numbered 30-38 is an Operating Lease Agreement between Plaintiff and its customer East Lake Management, not the requested agreement between Plaintiff and Defendant.

**Document Request Number 5:**

All documents reflecting or relating to any agreement between Plaintiff and Defendant pursuant to which you contend Plaintiff agreed to pay Defendant commissions in connection with any of the three leases identified in paragraph 2 of Defendant's Counterclaim.

**Plaintiff's Response:**

*See* documents enclosed herewith and marked 1-128, 229-243, 277-281, and 289-318.

In its response, Defendant identifies nearly 200 pages of documents, none of which respond to request number 5, and the vast majority of which have nothing to do with the three leases that are the subject of the request. Defendant must specifically identify the requested documents to the extent they are in Defendant's possession, custody or control.

**Document Request Number 11:**

The documents identified in Defendant's answer to paragraph 21 of the Complaint.

**Plaintiff's Response:**

See enclosed documents marked 1-526. Investigation continues.

In its answer to paragraph 21 of the complaint, Defendant stated that it "retains over 1,000 pages of documents pertaining" to the relationship between Plaintiff and Defendant. Defendant's response refers to documents Bates numbered 1-526. This number of documents is approximately half of the number of pages of documents that has been alleged by Defendant to be in its possession. Because of this discrepancy, Plaintiff

asks Defendant to clarify whether its pleading is inaccurate (i.e., Defendant does not retain "over 1,000 pages of [responsive] documents"), or Defendant's production is incomplete (i.e., Defendant retains over 1,000 pages of responsive documents, but they haven't been produced).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant its motion to compel and require Defendant to fully respond to each of the interrogatories and document requests enumerated above.

WHEREFORE, Plaintiff Modular Space Corporation respectfully requests that this Court enter an order compelling Defendant Intelli-Space Modular Buildings, Inc. to fully and properly respond to Plaintiff's first set of interrogatories and document requests within seven (7) days, and grant such other and further relief as the Court deems appropriate or which is provided under Fed.R.Civ.P. 37(a), including an award of fees and costs for bringing this motion.

Dated: August 8, 2008                                    MODULAR SPACE CORPORATION,


                                                        By: /s/ Stephen R. Meinertzhagen
                                                              One of Its Attorneys


Stephen R. Meinertzhagen (smeinertzhagen@burkelaw.com)
Susan J. Overbey (soverbey@burkelaw.com)
Attorneys for Plaintiff
Burke, Warren MacKay & Serritella, P.C.
330 North Wabash Avenue, 22nd Floor
Chicago, Illinois 60611
(312) 840-7000 Telephone
(312) 840-7900 Facsimile
Attorney No. 41704

## CERTIFICATE OF SERVICE

The undersigned, an attorney, on oath, deposes and states that on this 8th day of August, 2008, a true and correct copy of the foregoing Plaintiff's Second Motion To Compel Responses To Interrogatories And Document Requests, and the associated Notice of Motion, were filed electronically. Notice of this filing will be sent to all registered counsel of record via the Court's electronic filing system.

/s/ Stephen R. Meinertzhagen

13367\00001\472450.1