# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MODULAR SPACE CORPORATION | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-cv-06742 |
| | ) | |
| INTELLI-SPACE BUILDINGS, INC. | ) | Judge John W. Darrah |
| | ) | |
| Defendant. | ) | Magistrate Judge Keys |

PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Modular Space Corporation requests that Defendant Intelli-Space Buildings, Inc. answer the following interrogatories under oath within thirty (30) days of service.

DEFINITIONS

1.     The terms "defendant," "you," and "your" means and refers to the defendant in this case, and its respective agents, representatives, or any other person acting or purporting to act for or on its behalf.

2.     The term "plaintiff" means and refers to the plaintiff in this case, whether known by its current name or its former name of Resun Leasing, Inc., and its respective agents, representatives, or any other person acting or purporting to act for or on its behalf.

3.     The phrase "refer or relate to" means embodies, evidences, pertains to, concerns, references, sets forth, constitutes, comprises, analyses, discusses, memorializes, comments upon, contains, shows, discloses, describes, explains, summarizes or, directly or indirectly, has any factual or logical connection or relevance to the subject matter of the request.

4.     The conjunctions "and" and "or" shall be interpreted both conjunctively and disjunctively so as not to exclude from the scope of the request any documents, information or subject matter.

5.     The term "document" or "documents" shall have the same meaning as that given to those words for purposes of Federal Rule of Civil Procedure 34 and shall include, without limitation, any and all documents or writings of any kind, whether originals, drafts, duplicates, reproductions, facsimiles or copies, and whether typewritten, handwritten, printed, recorded, electronically encoded or otherwise produced.

6.     The conjunctions "and" and "or" shall be interpreted both conjunctively and disjunctively so as not to exclude from the scope of the request any documents, information or subject matter.

7.     "Identify" or "identity" when used in reference to documents means to give the date, title, author and addressee.

8.     "Identify" or "identity" when used in reference to a person means:

(a)     to state his/her full name;

(b)     title/position;

(c)     present residence address or last known residence;

(d)     present or last known business address;

(e)     present employer or last known employer; and

(f)     whether ever employed by any party to this action and, if so, the dates he or she was employed by such party, the name of such party, and the last position held as an employee of such party.

9.     "Identify" or "identity" when used in reference to a communication means:

(a)     the date of the communication;

(b)     the location of the communication;

2

(c)     the manner of the communication (i.e., in person, telephone conversation, written correspondence, etc.);

(d)     the identity of the individuals involved in the communication;

(e)     the person who initiated the communication, and the reason initiated;

(f)     the substance of the communication; and

(g)     the identity of any documents evidencing, referring, or relating to the communication.

10.     "Describe" means to specify in detail and to particularize the content of the answer to the question and not just to state the reply in summary or outline fashion.

11.     Unless otherwise defined, terms have the same meaning as in the Complaint.

## INSTRUCTIONS

1.     If any form of privilege, immunity, or other protection from discovery or disclosure is claimed as a ground for withholding documents responsive to these requests, please provide a privilege log containing the information required by Rule 26(b)(5).

2.     If your answer to any interrogatory is "unknown", "not applicable" or any similar phrase or answer, state the following:

(a)     why the answer to that interrogatory is "unknown";

(b)     the efforts made to obtain answers to the particular interrogatory; and

(c)     the name and address of any person who may know the answer.

3.     If an objection is made to any Interrogatory on grounds of privilege or if an answer to any Interrogatory is withheld on grounds of privilege, provide the following information;

(a)     the nature of the privilege claimed and the reason it is claimed;

(b)     with respect to documents: (i) the form of the document; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) other information to identify the document, including the title of the document, author of the document, and addressee or recipient of the documents;

3

(c)    for oral communications: (i) the name of the person making the communication; (ii) the names of the persons present while the communication was made; (iii) the relationship of the persons present to the person making the communication; and (iv) the general subject matter of the communication; and

(d)    the identity of each person having knowledge of the factual basis, if any, on which the privilege is asserted.

## INTERROGATORIES

### INTERROGATORY NO. 1:

With respect to any agreements that you allege existed between Plaintiff and Defendant for the payment of commissions in connection with the three leases identified in paragraph 2 of Defendant's Counterclaim, provide the following:

(a)    state the terms of each agreement including, but not limited to, the amounts and dates of any commission payments you contend Plaintiff was required to make to Defendant;

(b)    identify all individuals who entered into these agreements on behalf of Plaintiff and Defendant;

(c)    state the date on which each agreement was entered into;

(d)    identify all individuals who witnessed the parties entering into each agreement;

(e)    identify all documents relating to or reflecting any of the agreements; and

(f)    identify all communications relating to the formation of each agreement.

### ANSWER:

### INTERROGATORY NO. 2:

With respect to the allegations in paragraph 3 of Defendant's Counterclaim, for each of the "previous deals" in which you contend Plaintiff and Defendant had an agreement pursuant to which Plaintiff paid Defendant commissions on leases, provide the following:

(a)    identify the nonparty lessee;

(b)    state the terms of each agreement including, but not limited to, the amounts and dates of commission payments that you contend Plaintiff made to Defendant;

(c)    identify all individuals who entered into these agreements on behalf of Plaintiff or Defendant;

(d)    state the date on which each agreement was entered into;

(e)    identify all individuals who witnessed the parties entering into each agreement;

(f)    identify all documents relating to or reflecting any of the agreements; and

(g)    identify all communications relating to the formation of each agreement.

4

ANSWER:

INTERROGATORY NO. 3:

State all activities undertaken by Defendant to maintain or preserve the ten modular floor units, identified in paragraph 34 of the Complaint, since they have been in Defendant's custody or control.

ANSWER:

INTERROGATORY NO. 4:

With respect to Defendant's answer to paragraph 16 of the Complaint, identify the following:

(a)    any person who asked Defendant "to invoice the rent for Plaintiff until Plaintiff was approved as a vendor" on behalf East Lake Management;
(b)    any communications that relate to this request; and
(c)    any documents that reflect or relate to this request.

ANSWER:

INTERROGATORY NO. 5:

Describe all activities undertaken by Defendant to prevent Plaintiff from gaining access to the ten modular floor units, identified in paragraph 34 of the Complaint.

ANSWER:

INTERROGATORY NO. 6:

State the date on which Defendant placed a lock on the gate at the location where Defendant stored the ten modular floor units, identified in paragraph 34 of the Complaint, to prevent Plaintiff from gaining access to them.

ANSWER:

INTERROGATORY NO. 7:

On page 2 of the attached October 31, 2005 letter from Ricky Matlock to James Sheets, Mr. Matlock states that he "informed Curtis Sanders that access to the storage facility would be denied until such time as the arrears were paid in full." State the date when this referenced communication occurred, and identify any documents that reflect or relate to it.

ANSWER:


INTERROGATORY NO. 8:

State all facts that Defendant contends justified (a) its refusal to relinquish the ten modular floor units to Plaintiff, (b) its failure to pay Plaintiff rent for the two units Defendant leased from Plaintiff, or (c) its failure to pay Plaintiff the rent payments due from East Lake Management to Plaintiff that Defendant received.

ANSWER:


INTERROGATORY NO. 9:

If you contend that Plaintiff and Defendant entered into an agreement pursuant to which Plaintiff agreed to pay Defendant $400 per unit per month for storage:

(a)    state the date such agreement was entered into;
(b)    identify any individuals who entered into this agreement on behalf of Plaintiff and Defendant; and
(c)    identify any documents reflecting or relating to this agreement.

ANSWER:


Dated:  April 11, 2008                    MODULAR SPACE CORPORATION

                                          By: _____
                                              One of its Attorneys

Stephen R. Meinertzhagen, smeinertzhagen@burkelaw.com
Susan J. Miller, smiller@burkelaw.com
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash Ave., 22nd Floor
Chicago, IL  60611
312-840-7000
Fax 312-840-7900
465671.1

**Intelli-Space** "Your Intelligent Choice in Modular Buildings"
**Modular Buildings** 1-877-SPACE-2-U / www.intelli-space.com

General Contractors of Modular Space ◆ Modular Sales Centers ◆ Portable Classrooms ◆ Mobile Offices

Monday, October 31, 2005

Mr. James D. Sheets
Vice President and Corporate Counsel
Resun Leasing, Inc.
22810 Quicksilver Drive
Dulles, VA. 20166

RE: Resun Leasing, Inc.
Intelli-Space Modular Buildings, Inc.

Dear Mr. Sheets,

In response to your letter dated October 20, 2005 our response is as follows.

### Wrongfully Collected Rent

You have correctly stated that Intelli-Space has collected the tear-down and return freight charges from Eastlake Management to perform these services at lease expiration. At the time of lease signing, Intelli-Space was a suitable vendor for these services. After all, Intelli-Space was a suitable vendor for obtaining the customer, researching your equipment and providing the delivery and set-up at lease signing. This agreement was made between Intelli-Space's customer, Eastlake Management and Intelli-Space. Your letter indicated that Eastlake is a Resun customer. The correct position is that Resun had never known, would have never been aware of, would have never rented the equipment without Eastlake first being Intelli-Space's customer, without first Intelli-Space finding the project, without first Intelli-Space originally building the equipment for your inventory and without Intelli-Space finding the customer. In fact, this particular piece of equipment has never been rented by any Resun employee, since the day it was built; every rental for this equipment has been through my direction and my efforts. We are further distressed that disparaging and defaming remarks were made to Caroline Kenney of Eastlake Management, regarding Intelli-Space in a conversation between herself and Lisa Barns of Resun. Therefore our position is that Resun has no standing in this matter. Your demand for return of these monies is therefore denied. Your demand for rental monies collected is addressed in the following paragraph.

### Commissions Owed

I personally have had a long history with Resun Leasing. From the time I was with Satellite Shelters and brokered buildings through Stratton Securities and now with Intelli-Space Modular Buildings. With Satellite I'd imagine I did about 40 projects and with Intelli-Space for the past 5 years I've brokered in some way around 20 buildings for Resun. Actually, my efforts account for the reason that Resun has a presence in Chicago. I sold so many buildings in the area, Resun needed to store those that came off-lease here instead of shipping them back to Kansas City or St. Louis. In fact, I am the one that found your yard in Aurora.

**Intelli-Space**
**Modular Buildings**

"Your Intelligent Choice In Modular Buildings"
1-877-SPACE-2-U / www.intelli-space.com

General Contractors of Modular Space ◆ Modular Sales Centers ◆ Portable Classrooms ◆ Mobile Offices

Our association (that can be demonstrated by previous deals) has worked on two main levels. The first way we would deal is I found the project, found the customer, put together deals, designed, specified and built brand new buildings; then sold the equipment and the lease to Resun, making our money on the building and the set-up costs. Resun collected the rent and acquired the equipment. Secondly, (as in the cases I'll outline later), since I know most of the inventory Resun possesses in Chicago; our efforts were to find the project, find the customer, contact Resun for a rental rate for the existing building. Any amount exceeding the quoted rental rate is our commission for the deal. For instance, on the Eastlake Management you've mentioned, I was quoted $1,300.00 per month from Resun and I quoted Eastlake $1,500.00 per month, of which they agreed. This leaves a $200.00 difference per month X 18 months. Whether this is Resun's policy or not, this is how my association with Resun has proceeded in our history and we've all made money in this symbiotic relationship. I work in a similar manner with Satellite Shelters, Williams- Scotsman and GE Mod Space and we all make money. Just ask yourself, why would I be renting Resun buildings and not being compensated for my efforts? I can document my previous dealings with Resun that have proceeded in this manner...there is a president that can be demonstrated. Your letter states this is not Resun's policy to pay a commission for marketing your equipment; when did this policy change? In addition to Eastlake Management commission of $3,600.00 owed to Intelli-Space, there are two other deals of which we have invoiced and yet to be compensated. They are Gladstone Builders in the amount of $7,200.00 and Developers Design Group in the amount of $1,428.00. Therefore, Intelli-Space demands Resun to pay the three total commission invoices of $12,228.00. After such time, we can settle on the collected rent you mentioned.

### Storage Fees

Lisa Barnes stated in a phone conversation with me, Resun possess no written agreement with Intelli-Space that allows for paying commissions. I informed Lisa Barnes that likewise, Intelli-Space possesses no such lease stating the rental terms for our storage facility. Therefore, without a written lease between Intelli-Space and Resun, it is our policy to increase our rental rates at our discretion. If Resun views the rental increase as arbitrary and capricious; Intelli-Space views denial of paid commissions in like manner. After receiving your first invoice reflecting the increased rental rate, Resun had an entire month to remove their equipment after paying that first invoice. If Resun was not comfortable with the increase, then paying the first increased invoice would have given Resun ample opportunity for the equipment removal before the arrears. Our records indicate you have outstanding rental invoices from July, August, September and October, this year. Simply paying your rent 'current' at any time during the past 4 months would have allowed you access to your equipment. Common sense fails to explain how Resun's lack of attention to this serious matter constitutes any incumbency upon Intelli-Space whatsoever. I informed Curtis Sanders that access to the storage facility would be denied until such time as the arrears were paid in full. To this date, none of these invoices have been paid, until now, no effort on your part has been forthcoming and your current balance is now $15,040.00. Therefore, Intelli-Space demands Resun pay both the (3) commission invoices previously mentioned and the (4) rental invoices in the full amount of $27,268.00.

**Intelli-Space**
**Modular Buildings**

*"Your Intelligent Choice In Modular Buildings"*
1-877-SPACE-2-U / www.intelli-space.com

General Contractors of Modular Space ◆ Modular Sales Centers ◆ Portable Classrooms ◆ Mobile Offices

I have spoken with my attorney on these issues and I'm informed I have proven president for the owed commissions and destraining Resun's equipment is within our purview. Our intention is also to avoid litigation and ultimately restore our lucrative relationship of which we've both enjoyed success in the Chicago market. Our position is to negotiate a suitable compromise and make these issues go away for both parties involved. This would allow Resun unimpeded access to the equipment in our storage facility. I have attempted to resolve these issues in the past without success but will allow one more round before I take legal action to remedy.

I'm looking forward to Resun's principles making an offer to Intelli-Space by November 11th, 2005 to settle our differences in an amicable manner.

Kindest Regards,

*Ricky Matlock*

Ricky Matlock
President

## CERTIFICATE OF SERVICE

I, Stephen R. Meinertzhagen, an attorney, hereby certify that on April 11, 2008, I served

by U.S. mail, copies of the attached Plaintiff's First Set of Interrogatories to Defendant to upon:

        Robert T. Kuehl
        Weltman, Weinberg & Reis Co.,
        L.P.A.
        180 N. LaSalle Street
        Suite 2400
        Chicago, IL  60601

                              Stephen R. Meinertzhagen

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MODULAR SPACE CORPORATION ) 
)
        Plaintiff, )
)
      v. )  No. 07-cv-06742
)
INTELLI-SPACE BUILDINGS, INC. )  Judge John W. Darrah
)
        Defendant. )  Magistrate Judge Keys

## DEFENDANTS' FIRST SET OF DOCUMENT REQUESTS TO PLAINTIFF

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Modular

Space Corporation requests that Defendant Intelli-Space Buildings, Inc. produce the documents

described below for inspection and copying at the law offices of Burke, Warren, MacKay &

Serritella, P.C., within thirty (30) days after service of these requests for production of

documents.

### DEFINITIONS

1.      The terms "defendant," "you," and "your" means and refers to the defendant in

this case, and its respective agents, representatives, or any other person acting or purporting to

act for or on its behalf.

2.      The term "plaintiff" means and refers to the plaintiff in this case, whether known

by its current name or its former name of Resun Leasing, Inc., and its respective agents,

representatives, or any other person acting or purporting to act for or on its behalf.

3.      The phrase "refer or relate to" means embodies, evidences, pertains to, concerns,

references, sets forth, constitutes, comprises, analyses, discusses, memorializes, comments upon,

contains, shows, discloses, describes, explains, summarizes or, directly or indirectly, has any

factual or logical connection or relevance to the subject matter of the request.

4.     The term "document" or "documents" shall have the same meaning as that given to those words for purposes of Federal Rule of Civil Procedure 34 and shall include, without limitation, any and all documents or writings of any kind, whether originals, drafts, duplicates, reproductions, facsimiles or copies, and whether typewritten, handwritten, printed, recorded, electronically encoded or otherwise produced.

5.     The conjunctions "and" and "or" shall be interpreted both conjunctively and disjunctively so as not to exclude from the scope of the request any documents, information or subject matter.

6.     Unless otherwise defined, terms have the same meaning as in the Complaint.

## INSTRUCTIONS

1.     If any form of privilege, immunity, or other protection from discovery or disclosure is claimed as a ground for withholding documents responsive to these requests, please provide a privilege log containing the information required by Rule 26(b)(5).

2.     If any document was once within your possession, custody or control but no longer is because it has been lost, discarded, misplaced, destroyed or otherwise disposed of, please provide with respect to each such document the following:

(a)     the type of document, e.g., written, recording, e-mail, etc.;

(b)     a description of the subject matter and contents of the document;

(c)     the date the document was lost, discarded, misplaced, destroyed or otherwise disposed of;

(d)     the circumstances surrounding, and reasons for the loss, discard, misplacement, destruction or other disposition of the document; and

(e)     the identity of the person most knowledgeable of the circumstances surrounding the loss or destruction of the document.

## REQUESTS

1.     The three leases identified in paragraph 2 of Defendant's Counterclaim.

2

2.    The lease between Plaintiff and Defendant identified in paragraph 26 of the Complaint.

3.    All documents, including but not limited to photographs, reflecting the condition of any or all of the ten modular floor units identified in paragraph 34 of the Complaint, at any time since they have been in Defendant's custody or control.

4.    All documents reflecting the value, at any time, of any or all of the ten modular floor units identified in paragraph 34 of the Complaint.

5.    All documents reflecting or relating to any agreement between Plaintiff and Defendant pursuant to which you contend Plaintiff agreed to pay Defendant commissions in connection with any of the three leases identified in paragraph 2 of Defendant's Counterclaim.

6.    All documents reflecting or relating to any agreement between Plaintiff and Defendant pursuant to which you contend Plaintiff agreed to pay Defendant a commission in connection with any leases entered into between Plaintiff and any nonparties to this litigation.

7.    All documents identified in Defendant's responses to Plaintiff's First Set of Interrogatories.

8.    All documents relied upon in responding to Plaintiff's First Set of Interrogatories.

9.    All documents identified in Defendant's Rule 26(a)(1)(B) Disclosures.

10.    All documents that you contend support your claim for any of the damages that you seek in your Counterclaim in this lawsuit.

11.    The documents identified in Defendant's answer to paragraph 21 of the Complaint.

3

12.    The report of any expert whose testimony you expect to rely upon in this lawsuit.


Dated:  April 11, 2008                                MODULAR SPACE CORPORATION


                                                      By: _____
                                                            One of its Attorneys


Stephen R. Meinertzhagen, smeinertzhagen@burkelaw.com
Susan J. Miller, smiller@burkelaw.com
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash Ave., 22nd Floor
Chicago, IL  60611
312-840-7000
Fax 312-840-7900

465686.1


4

## CERTIFICATE OF SERVICE

I, Stephen R. Meinertzhagen, an attorney, hereby certify that on April 11, 2008, I served

by U.S. mail, copies of the attached Defendants' First Set of Document Requests to Plaintiff to

upon:

> Robert T. Kuehl
> Weltman, Weinberg & Reis Co.,
> L.P.A.
> 180 N. LaSalle Street
> Suite 2400
> Chicago, IL  60601

Stephen R. Meinertzhagen

# EXHIBIT C

Order Form (01/2005)        Case 1:07-cv-06742    Document 35    Filed 07/11/2008    Page 1 of 1



## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Darrah | Sitting Judge if Other than Assigned Judge | Arlander Keys |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6742 | **DATE** | 7/11/08 |
| **CASE TITLE** | Modular Space Corporation v. Intelli-Space Modular Buildings, Inc. | | |

**DOCKET ENTRY TEXT**

Motion hearing held on Plaintiff Modular Space Corporation's motion to compel written discovery responses (#31). The motion is granted. Defendant is directed to respond to all outstanding interrogatories and document requests by 7/18/08. All objections are waived. Counsel's Plaintiff is awarded his fees and costs for a total 2 and one half hours at the hourly rate of $310.00 per hour, which were incurred by counsel in bringing forth this motion. Status hearing set for 8/13/08 at 9:00 a.m. Discovery to proceed. *AK*

Docketing to mail notices.

00; 05;nfpc

U.S. DISTRICT COURT
CLERK

2008 JUL 11 PM 3:44

FILED-EDT

| | Courtroom Deputy Initials: | AC |
|---|---|---|

07C6742 Modular Space Corp vs. Intellige

# EXHIBIT D

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| MODULAR SPACE CORPORATION, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 07-cv-06742 |
| v. | ) ) | Judge John W. Darrah |
| INTELLI-SPACE MODULAR BUILDINGS, INC., | ) ) ) ) | Magistrate Judge Keys |
| Defendant. | ) | |

## DEFENDANT'S ANSWERS TO PLAINTIFF'S
## FIRST SET OF INTERROGATORIES

Now comes the Defendant, Intelli-Space Modular Buildings, Inc. ("Defendant"), by and through its attorneys, Weltman, Weinberg & Reis Co., L.P.A., and in and for its answers to Plaintiff's First Set of Interrogatories, states the following:

## INTERROGATORY NO. 1:

With respect to any agreements that you allege existed between Plaintiff and Defendant for the payment of commissions in connection with the three leases identified in paragraph 2 of Defendant's Counterclaim, provide the following:

   (a)   state the terms of each agreement including, but not limited to, the amounts and dates of any commission payments you contend Plaintiff was required to make to Defendant;
   (b)   identify all individuals who entered into these agreements on behalf of Plaintiff and Defendant;
   (c)   state the date on which each agreement was entered into;
   (d)   identify all individuals who witnessed the parties entering into each agreement;
   (e)   identify all documents relating to or reflecting any of the agreements; and
   (f)   identify all communications relating to the formation of each agreement.

## ANSWER:

*See* Defendant's answer to Plaintiff's complaint. *See also* documents being produced in response to production requests, specifically those marked 1-128, 229-243, 277-281, and 289-318. As previously indicated, because Plaintiff had paid Defendant commissions in prior dealings, Defendant had justifiably presumed that commissions would be paid with respect to the subject deals as per the parties' customary agreement. While there was no written agreement

concerning the commissions in question, Defendant operated these deals in like and similar manner as had been with previous deals for several years, and should be compensated. Investigation continues.

INTERROGATORY NO. 2:

With respect to the allegations in paragraph 3 of Defendant's Counterclaim, for each of the "previous deals" in which you contend Plaintiff and Defendant had an agreement pursuant to which Plaintiff paid Defendant commissions on leases, provide the following:

(a)    identify the nonparty lessee;

(b)    state the terms of each agreement including, but not limited to, the amounts and dates of commission payments that you contend Plaintiff made to Defendant;

(c)    identify all individuals who entered into these agreements on behalf of Plaintiff or Defendant;

(d)    state the date on which each agreement was entered into;

(e)    identify all individuals who witnessed the parties entering into each agreement;

(f)    identify all documents relating to or reflecting any of the agreements; and

(g)    identify all communications relating to the formation of each agreement.

**ANSWER:**

*See* documents being tendered in response to Plaintiff's request for production of documents, specifically those marked 53-128, 229-243, 277-281, and 289-318. Again, there was no written agreement in place with respect to Defendant's commissions. Defendant always did the work, however, and was paid by Plaintiff on those previous deals. Specifically, commissions were paid to Defendant on the following projects:

HOMEWERKS, FOUNTAIN SQUARE

TAMDEM DEVELOPMENT, BREWERS HILL

DIVERSIFIED REAL ESTATE DEV., MILL CREEK-TIMBER RIDGE

Investigation continues.

INTERROGATORY NO. 3:

State all activities undertaken by Defendant to maintain or preserve the ten modular floor units, identified in paragraph 34 of the Complaint, since they have been in Defendant's custody or control.

**ANSWER:**

Defendant was not required to "maintain" or "preserve" the subject units, just to store them pursuant to the parties' agreement. The units have been situated securely in

Defendant's yard since they have been in Defendant's control. Nothing has been done by Defendant to "maintain" or "preserve," as it was not required to do those things.

## INTEROGATORY NO. 4:

With respect to Defendant's answer to paragraph 16 of the Complaint, identify the following:

> (a)    any person who asked Defendant "to invoice the rent for Plaintiff until Plaintiff was approved as a vendor" on behalf of East Lake Management;
>
> (b)    any communications that relate to this request; and
>
> (c)    any documents that reflect or relate to this request.

**ANSWER:**

Caroline Kenney

Investigation continues.

## INTERROGATORY NO. 5:

Describe all activities undertaken by Defendant to prevent Plaintiff from gaining access to the ten modular floor units, identified in paragraph 34 of the Complaint.

**ANSWER:**

Defendant has never denied Plaintiff access to the subject units. Defendant has held the units securely in its lot.

## INTERROGATORY NO. 6:

State the date on which Defendant placed a lock on the gate at the location where Defendant stored the ten modular floor units, identified in paragraph 34 of the Complaint, to prevent Plaintiff from gaining access to them.

**ANSWER:**

Defendant rents space in its storage yard to several customers. Any customer is required to contact Defendant to gain access to the storage yard. As with all of Plaintiff's facilities, a local is present for security. Our lock was placed on our gate on July 7, 2003. Again, Defendant has never denied access to Plaintiff.

## INTERROGATORY NO. 7:

On page 2 of the attached October 31, 2005 letter from Ricky Matlock to James Sheets, Mr. Matlock states that he "informed Curtis Sanders that access to the storage facility would be denied until such time as the arrears were paid in full". State the date when this referenced communication occurred, and identify any documents that reflect or relate to it.

**ANSWER:**

To the best of Mr. Matlock's knowledge, Curtis Sanders inquired about parking more units in Defendant's storage yard. Mr. Matlock informed Mr. Sanders that no more units could be brought to Defendant's storage yard unless and until the arrears were paid. Investigation continues.

## INTERROGATORY NO. 8:

State all facts that Defendant contends justified (a) its refusal to relinquish the ten modular floor units to Plaintiff, (b) its failure to pay Plaintiff rent for the two units Defendant leased from Plaintiff, or (c) its failure to pay Plaintiff the rent payments due from East Lake Management to Plaintiff that Defendant received.

## ANSWER:

*See* Defendant's answer to Plaintiff's complaint. As indicated, Defendant denied access to the subject units because Plaintiff was not paying the storage fees as required.

## INTERROGATORY NO. 9:

If you contend that Plaintiff and Defendant entered into an agreement pursuant to which Plaintiff agreed to pay Defendant $400 per unit per month for storage:

(a)    state the date such agreement was entered into;
(b)    identify any individuals who entered into this agreement on behalf of Plaintiff and Defendant; and
(c)    identify any documents reflecting or relating to this agreement.

## ANSWER:

Defendant does not contend that the parties entered into any such agreement.

Respectfully submitted,

INTELLI-SPACE MODULAR BUILDINGS, INC.

By: _____

One of its Attorneys

Robert T. Kuehl
Weltman, Weinberg & Reis Co., L.P.A.
180 N. LaSalle Street, Suite 2400
Chicago, Illinois 60601
Telephone: 312-782-9676
Facsimile: 312-7824201
ARDC#: 6271281

## **VERIFICATION**

I verify under penalty of perjury that the answers contained in the foregoing response are true and correct.

By: _____
Ricky Matlock, President of
Intelli-Space Modular Buildings, Inc.

# EXHIBIT E

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

MODULAR SPACE CORPORATION,    )
              )
    Plaintiff,        )
              )
    v.          ) Case No.: 07 CV 6742
              )
INTELLI-SPACE MODULAR BUILDINGS, INC., )
              )
    Defendant.       )

## DEFENDANT'S RESPONSES TO PLAINTIFF'S
## FIRST SET OF DOCUMENT REQUESTS TO DEFENDANT

Intelli-Space Modular Buildings, Inc. ("Defendant"), by and through its attorneys, Weltman, Weinberg & Reis Co., L.P.A., responds as follows to Plaintiff's first set of production requests:

1.   *See* documents enclosed herewith and marked 1-38.

2.   *See* documents enclosed herewith and marked 30-38.

3.   None currently. Investigation continues.

4.   None currently. Investigation continues.

5.   *See* documents enclosed herewith and marked 1-128, 229-243, 277-281, and 289-318.

6.   *See* documents enclosed herewith and marked 1-128, 229-243, 277-281, and 289-318.

7.   *See* defendant's answers to interrogatories and attached documents.

8.   *See* defendant's answers to interrogatories and attached documents.

9.   *See* enclosed documents marked 1-526. Investigation continues.

10.   *See* enclosed documents marked 1-526. Investigation continues.

11.   *See* enclosed documents marked 1-526.  Investigation continues.

12.   No expert has been retained by the defendant in this matter and consequently no expert report has been authored.  Defendant reserves the right to name expert witnesses in the future and will seasonably supplement its answers and responses if and when it does, along with providing copies of expert reports which defendant expects to reply upon.

INTELLI-SPACE MODULAR BUILDINGS, INC.

By: _____

One of its Attorneys

Robert T. Kuehl
Weltman, Weinberg & Reis Co., L.P.A.
180 N. LaSalle St., Ste. 2400
Chicago, Illinois 60601
Telephone:  312-782-9676
Facsimile:  312-782-4201
ARDC#: 6271281

# EXHIBIT F

# BURKE, WARREN, MACKAY & SERRITELLA, P.C.

22ND FLOOR
330 NORTH WABASH AVENUE
CHICAGO, ILLINOIS 60611-3607
TELEPHONE (312) 840-7000
FACSIMILE (312) 840-7900
www.burkelaw.com

STEPHEN R. MEINERTZHAGEN
DIRECT DIAL NUMBER
(312) 840-7047
smeinertzhagen@burkelaw.com

July 25, 2008

**VIA FACSIMILE (312) 782-4201
AND U.S. MAIL**

Robert T. Kuehl, Esq.
Weltman, Weinberg & Reis Co., L.P.A.
180 N. LaSalle Street Suite 2400
Chicago, IL 60601

> Re:   **Modular Space Corporation v. Intelli-Space Modular Buildings, Inc.
> Case No. 07-CV-06742**

Dear Bob:

I write to meet and confer concerning deficiencies in Defendant's recently served written discovery responses.

Interrogatories

**Interrogatory No. 1:**  In interrogatory no. 1, Plaintiff seeks information relating to each of the three commission agreements alleged in Defendant's Counterclaim.  Specifically, Plaintiff requests the following information:  (a) the terms of each agreement, (b) who entered into these purported agreements on behalf of Plaintiff and Defendant, (c) the date the agreements were entered into, (d) the identity of any witnesses for each agreement, (e) the identity of documents reflecting each agreement and (f) the identity of any communications relating to the formation of each agreement.  Defendant's answer is completely nonresponsive.  Defendant states that "there was no written agreement concerning the commissions in question," but then refers to the Complaint and approximate 200 pages of produced documents none of which provide the terms (or any other details) of any such agreement.  Defendant's answer also states that Defendant "justifiable presumed that the commissions would be paid with respect to the subject deals as per the parties' customary agreement," yet the answer fails even to provide the terms of this purported "customary agreement."  Plaintiff requests that Defendant amend its answer and respond to interrogatory no. 1.

BURKE, WARREN, MacKAY & SERRITELLA, P.C.

Robert T. Kuehl
July 25, 2008
Page 2

Interrogatory No. 2: Plaintiff seeks similar information concerning "previous deals" where Defendant claims the parties had an agreement for the payment of commissions on leases. Defendant's answer merely lists the name of six customers and then generally refers to over 100 pages of produced documents. This does not respond to Plaintiff's interrogatory, and it fails to provide any of the requested details about the purported "previous deals," such as their terms or by whom and when they were entered into. While Fed. R. Civ. P. 33(d) permits a party to specify records from which an answer may be derived where the burden of ascertaining the answer is substantially the same for both parties, such "specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained." Defendant's answer fails to provide such specificity. For instance, Plaintiff identifies Homewerks as one of the customers in the "previous deals," but there is no identification of the documents relating to Homewerks that respond to each of the subparts of interrogatory no. 2. Plaintiff requests that Defendant amend its answer to respond to interrogatory no. 2.

Interrogatory No. 4: This interrogatory seeks the identity of the person referenced in Defendant's original answer to paragraphs 16 of Plaintiff's Complaint, who purportedly asked Defendant to invoice one of Plaintiff's customers. It also seeks the identity of any communications that relate to that purported request, and the identity of any documents that reflect or relate to this purported request. Defendant's answer merely states the name "Caroline Kenney." This disregards definition number 8 in Plaintiff's interrogatory request, which defines the information to be provided where an individual's "identity" is requested. Further, Defendant provides no answer at all to the subparts (b) and (c) seeking the identification of related documents and communications. Plaintiff requests that Defendant amend its answer to respond to interrogatory no. 4.

Interrogatory No. 6: Defendant states as part of its answer that "a local is present for security." Please supplement Defendant's answer to explain what this means.

Interrogatory No. 8: This interrogatory seeks a statement of the facts that Defendant contends justified its refusal to relinquish the modular floor units in issue to Plaintiff, Plaintiff's failure to pay Plaintiff rent for the two units Defendant leased from Plaintiff, and Plaintiff's failure to pay Plaintiff the rent payments that Defendant "converted from Plaintiff's customer, East Lake Management. In its answer, Defendant states "*see* Defendant's answer to Plaintiff's complaint." It is insufficient to respond to an interrogatory request for facts with a general reference to a pleading. Defendant must specify the facts that are requested. Plaintiff requests that Defendant amend its answer to respond to interrogatory no. 8.

Document Requests

Request No. 2: This request seeks the lease between Plaintiff and Defendant identified in Paragraph 26 of the Complaint. In its response, Defendant identifies the responsive document as Bates numbers 30-38. However, this document is the Operating Lease Agreement between

Robert T. Kuehl
July 25, 2008
Page 3


Plaintiff and its customer East Lake Management, not Defendant. Plaintiff requests that Defendant supplement its response to identify and produce the requested document.

Request No. 5: This request seeks documents relating to any agreement between the parties pursuant to which Defendant contends Plaintiff agreed to pay "commissions in connection with any of the three leases identified in paragraph 2 of Defendant's [original] Counterclaim." In its response, Defendant identifies nearly 200 pages of documents, none of which respond to request number 5, and the vast majority of which have nothing to do with the three leases that are the subject of the request. Plaintiff requests that Defendant amend its response to identify only those documents that are responsive to request number 5.

Request No. 11: This request seeks the documents referenced in Defendant's original answer to paragraph 21 of the Complaint in which Defendant states that it "retains over 1,000 pages of documents pertaining to their association [sic] of Defendant working on all the deals to move Plaintiff's equipment in this area." In its response, Defendant refers to documents Bates numbered 1-526. This number of documents is approximately half of what was alleged by Defendant in its answer. Please clarify whether the answer to paragraph 21 of the original Complaint is inaccurate (i.e., Defendant does not retain "over 1,000 pages of [responsive] documents") or Defendant's production is incomplete (i.e., Defendant retains over 1,000 pages of responsive documents, but they haven't been produced).

*          *          *

Plaintiff's written discovery requests were served over 3½ months ago. As set forth above, Plaintiff still hasn't received complete responses. In light of Defendant's dilatory conduct to date, it is imperative that Defendant serve amended responses as soon as possible, and by no later than the end of next week. If you believe that Defendant will be unable to do so, please let me know immediately.

In addition, I have not received the fee award of $775 that the Court ordered on July 11, 2008. Please make the check payable to "Burke, Warren, MacKay & Serritella, P.C. as attorneys for Modular Space Corporation." Unless I receive payment by the end of next week, ModSpace will have no alternative but to file a rule to show cause in which it will seek to recover any additionally incurred fees.

Very truly yours,

Stephen R. Meinertzhagen

SRM/rma
Enclosure

13367\00001\476759.1

# EXHIBIT G

## Meinertzhagen, Steve

**From:**    Kuehl, Robert [rkuehl@weltman.com]
**Sent:**    Friday, August 01, 2008 4:58 PM
**To:**    Meinertzhagen, Steve
**Subject:** Mod Space v. ISMB


Steve:
I sent an e-mail to my client with respect to when we can expect the $775.00 check as well as other issues and I left a follow-up voice-mail message for him today.  I am working on a response to your most recent missive and expect to have that to you early next week.  I will keep you posted.

Bob


Robert T. Kuehl
Managing Attorney (Chicago Office)
Weltman, Weinberg & Reis Co., L.P.A.
Integrated Approach. Recovery Solutions.
180 N. LaSalle St., Suite 2400
Chicago, Illinois  60601

Office Phone Number:  (312) 782-9676 ext. 29632
Direct Dial Phone Number:  (312) 253-9632
Fax:  (312) 782-4201
Email Address:  rkuehl@weltman.com


For more information about Weltman, Weinberg & Reis Co., L.P.A. click here:
http://www.weltman.com


**Confidentiality Notice**

**Confidentiality Notice**
This e-mail and the documents accompanying this transmission contain confidential information belonging to the sender which is legally privileged. The information is intended only for the use of the individuals or entities named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, or distribution or the taking of any action in reliance on the contents of this e-mailed information is strictly prohibited. If you have received this e-mail in error, please immediately notify the sender by e-mail at the address above. The transmission is to be deleted and any items that may have been printed are to be destroyed. Thank you for your compliance.